**UNITED STATES of America, Appellee,**

v.

**Fred O'CLAIR, Defendant, Appellant.**

**No. 71–1260.**

United States Court of Appeals, First Circuit.

Submitted Nov. 15, 1971.

Decided Dec. 3, 1971.

Fred O'Clair on motions pro se.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Defendant moves for the dismissal of his counsel, for the appointment of new counsel and for a corresponding continuance of his case. He further, in violation of the Court's Criminal Justice Plan, designates the new counsel he would like to have.

Present counsel represented defendant throughout trial, and it is significant that defendant specifically requested this court to designate him to conduct the appeal. Defendant's new-found dissatisfaction with counsel apparently stems from the fact that counsel has not entered into correspondence with him as to the points to be raised on appeal—a matter as to which defendant believes he has expertness. At the same time defendant is not now beyond criticizing counsel's alleged improper conduct of the trial. No valid cause appears, however, for criticism of either present or past conduct of counsel. Defendant, who is incarcerated outside this circuit, would like to be brought to court so that he could testify orally on the subject.

■ The purpose of the Criminal Justice Act is to furnish counsel to indigent defendants who, presumably, need counsel. Members of the bar, as the result of extensive training and experience have expert qualifications that, presumably, are not shared by the ordinary layman. A sizable number of applications similar in substance to the present one, however, suggests that it has now become fashionable for incarcerated defendants to consider that counsel are simply formal agents to conduct their case in accordance with decisions made by the defendants.[1] We recognize no such principle. Obviously, before and during trial a defendant must be enabled to give his attorney factual information, both in answer to questions and as a volunteer, in order to aid in the proper conduct of his defense. No such situation exists on an appeal. The entire record, whatever it may be, is available to counsel. Correspondingly, it is impermissible, although many laymen seem to think otherwise, to argue matters before an appellate court that are not contained in that record.

■■ A defendant is free to offer advice to his appellate counsel, who may or may not act upon it as he, in his judgment, may decide. Beyond that, in the absence of a showing of serious default on the part of counsel, we recognize only two alternatives. Either the defendant is, for some unusual reason, qualified to conduct his own appeal, or he is not. If he feels qualified, he may choose to represent himself. If he is not qualified, then he is represented by counsel. He may make written suggestions to counsel, but counsel is under no duty to accept them, or even to explain, unless he wishes to, why he does not. The defendant cannot call upon the government to furnish him with counsel, and at the same time consider himself, or his jailhouse advisers, in charge of the case.[2]

The motion to dismiss counsel and to furnish new counsel is denied. Defendant may himself dismiss counsel and proceed pro se, if he so elects, by letter acknowledging the receipt of this opinion. However, if he does so, we will not entertain later a 28 U.S.C. § 2255 motion grounded on a claim that he failed to do so adequately.

---

1. For an appellate reproduction of such a complaint, see United States v. Barcley, 8 Cir., 452 F.2d 930 (1971).

2. As an example of what counsel has to contend with, this defendant, who on his own statement "can neither read or write at any great length" is indignant because counsel failed to insist upon the court's lack of jurisdiction to hold the trial in the southern division of the district instead of the northern division—apparently having had bad advice that F.R.Crim.P. 18's reference to "district" means "division."