64 Cal.App.4th 550 (1998)
THE PEOPLE, Plaintiff and Respondent,
v.
WESLEY E. SCOTT, Defendant and Appellant.
Docket No. B112469.
Court of Appeals of California, Second District, Division Three.
June 5, 1998.
*553 COUNSEL
Wesley E. Scott, in pro. per., and Thomas Kallay, under appointment by the Court of Appeal, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
KLEIN, P.J.
Defendant and appellant Wesley E. Scott (Scott) brought a motion to proceed in propria persona on appeal.[1]
In the landmark case of Faretta v. California (1975) 422 U.S. 806, 818-832 [95 S.Ct. 2525, 2532-2539, 45 L.Ed.2d 562] (Faretta), the United States Supreme Court ruled that implicit in a criminal defendant's Sixth Amendment right to the assistance of counsel at trial is the right to self-representation at trial. The following year, In re Walker (1976) 56 Cal. App.3d 225, *554 228-229 [128 Cal. Rptr. 291], held the right to self-representation under Faretta does not extend to a state criminal appeal. Over the past two decades, as discussed below, there has developed a growing split of authority in other jurisdictions as to whether the Sixth Amendment right to self-representation at a criminal trial recognized by Faretta extends to the appeal. Therefore, we deemed it appropriate to examine the continued viability of In re Walker, supra, 56 Cal. App.3d 225, which is over 20 years old and the sole California case on the issue. Consequently, in response to Scott's request to proceed in propria persona, this court sent the parties a three-page letter setting forth issues to be discussed in the briefing and set the matter for oral argument.
We conclude In re Walker remains good law and we seek here to enhance its rationale. There is no constitutional right to self-representation on the initial appeal as of right. The right to counsel on appeal stems from the due process and equal protection clauses of the Fourteenth Amendment, not from the Sixth Amendment, which is the foundation on which Faretta is based. The denial of self-representation at this level does not violate due process or equal protection guarantees. Therefore, we deny Scott's motion.

FACTUAL AND PROCEDURAL BACKGROUND
Scott, who was represented at trial by appointed counsel, was convicted by jury of assault with a firearm (Pen. Code, § 245, subd. (a)(2))[2] and possession of a firearm by a felon (§ 12021, subd. (a)(1)). He was sentenced to a total term of 25 years and 4 months in state prison.
On May 7, 1997, Scott filed notice of appeal from the judgment of conviction. In the notice, Scott stated he "wishes to represent himself on this appeal, and does not require the court to appoint an attorney on appeal." In a letter filed June 17, 1997, Scott again advised this court he wished to pursue his appeal in propria persona.
In an order filed June 23, 1997, this court denied Scott's request, ruling "Appellant has no right to proceed in propria persona on appeal. (In re Walker (1976) 56 Cal. App.3d 225, 228.) This matter is referred to the California Appellate Project for appointment of counsel." On July 10, 1997, this court appointed Gideon Margolis as appellate counsel for Scott.
On July 28, 1997, Scott filed a petition for writ of habeas corpus in which he alleged a deprivation of his right to represent himself on appeal.
On September 4, 1997, this court issued an order deeming the habeas petition a motion for reconsideration of (1) the court's June 23, 1997, order *555 denying Scott's request to proceed in propria persona on appeal, and (2) the July 10, 1997, order appointing Margolis as appellate counsel.
On September 9, 1997, this court sent the parties a letter concerning whether the right to self-representation at trial recognized by the United States Supreme Court in Faretta, supra, 422 U.S. 806, granted a corresponding right to self-representation on appeal. Given the complexity of the issues involved and their broad importance, pursuant to section 1240, this court appointed appellate counsel Thomas Kallay to represent Scott in his effort to proceed in propria persona. We stayed the briefing as to the merits of the appeal pending resolution of the threshold issue as to the purported right to self-representation on appeal. Following oral argument on the Faretta issue, the matter was taken under submission.

CONTENTIONS
Scott contends: The right to self-representation is a fundamental right guaranteed by the Sixth Amendment of the United States Constitution, and said right has been incorporated into the due process clause of the Fourteenth Amendment; deprivation of the right to self-representation on appeal violates the due process and equal protection clauses of the federal Constitution and the equal protection clause of the California Constitution; and other jurisdictions provide guidance with respect to the implementation of the right to self-representation on appeal.

DISCUSSION

1. In Faretta, the United States Supreme Court held that implicit in a criminal defendant's right under the Sixth Amendment to the assistance of counsel at trial is the right to self-representation at trial.

To determine whether the right to self-representation at trial, as recognized in Faretta, applies on appeal, we begin with an examination of Faretta.
By way of background, the question addressed by the United States Supreme Court therein "is whether a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. Stated another way, the question is whether a State may constitutionally hale a person into its criminal courts and there force a lawyer upon him, even when he insists that he wants to conduct his own defense." (Faretta, supra, 422 U.S. at p. 807 [95 S.Ct. at p. 2527], italics omitted.) In a six-to-three decision, the Supreme Court concluded "a State may not constitutionally do so." (Ibid.)
*556 The constitutional footing of Faretta is the Sixth Amendment, which provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." (U.S. Const., 6th Amend.; Faretta, supra, 422 U.S. at pp. 818-832 [95 S.Ct. at pp. 2539-2540].)
Focusing on the text of the constitutional provision, Faretta reasoned "[t]he Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. It is the accused, not counsel, who must be `informed of the nature and cause of the accusation,' who must be `confronted with the witnesses against him,' and who must be accorded `compulsory process for obtaining witnesses in his favor.' Although not stated in the Amendment in so many words, the right to self-representation  to make one's own defense personally  is thus necessarily implied by the structure of the Amendment. [Fn. omitted.] The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails. [¶] The counsel provision supplements this design. It speaks of the `assistance' of counsel, and an assistant, however expert, is still an assistant. The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing defendant  not an organ of the State interposed between an unwilling defendant and his right to defend himself personally. To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment. In such a case, counsel is not an assistant, but a master; [fn. omitted] and the right to make a defense is stripped of the personal character upon which the Amendment insists. It is true that when a defendant chooses to have a lawyer manage and present his case, law and tradition may allocate to the counsel the power to make binding decisions of trial strategy in many areas. [Citations.] This allocation can only be justified, however, by the defendant's consent, at the outset, to accept counsel as his representative. An unwanted counsel `represents' the defendant only through a tenuous and unacceptable legal fiction. Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not his defense. [¶] The Sixth Amendment, when naturally read, thus implies a right of self-representation." (Faretta, supra, 422 U.S. at pp. 819-821 [95 S.Ct. at pp. 2533-2534], first and third italics added.)[3]

*557 2. The right to counsel on appeal is based not on the Sixth Amendment but on an entirely different constitutional footing, namely, the Fourteenth Amendment.

The Nevada Supreme Court has observed, "[b]ecause the Sixth Amendment only applies to trials, it does not support the existence of a right to self-representation on appeal. [Citation.] Faretta is thus distinguishable. [Citation.]" (Blandino v. State (1996) 112 Nev. 352 [914 P.2d 624, 626] (Blandino).) We agree. As explained below, the right to counsel on appeal does not rest on the Sixth Amendment. The right to appellate counsel stands on an entirely different constitutional footing, namely, the equal protection and due process clauses of the Fourteenth Amendment. Therefore, the issue becomes whether denial of self-representation on appeal contravenes those constitutional provisions.

a. There is no federal constitutional right to an appeal.

(1) As a preliminary matter, it is well settled "... a state is not required by the United States Constitution to provide an appeal to a criminal defendant." (In re Sade C. (1996) 13 Cal.4th 952, 966 [55 Cal. Rptr.2d 771, 920 P.2d 716], cert. den.)
A century ago in McKane v. Durston (1894) 153 U.S. 684, 687-688 [14 S.Ct. 913, 915, 38 L.Ed. 867], the United States Supreme Court held that so far as the United States Constitution was concerned, an "appeal from a judgment of conviction is not a matter of absolute right.... A review by an appellate court of the final judgment in a criminal case, however grave the offence of which the accused is convicted, was not at common law and is not now a necessary element of due process of law. It is wholly within the discretion of the State to allow or not to allow such a review.... [¶] It is, therefore, clear that the right of appeal may be accorded by the State to the accused upon such terms as in its wisdom may be deemed proper.... [W]hether an appeal should be allowed, and, if so, under what circumstances or on what conditions, are matters for each state to determine for itself." (Italics added; accord, Evitts v. Lucey (1985) 469 U.S. 387, 393 [105 S.Ct. 830, 834, 83 L.Ed.2d 821]; Johnson v. Fankell (1997) 520 U.S. 911,  [117 S.Ct. 1800, 1807, 138 L.Ed.2d 108, 119, fn. 13].)
In the years "since McKane, the [high court] has not retreated from its holding that a state is not required by the United States Constitution to *558 provide an appeal to a criminal defendant." (In re Sade C., supra, 13 Cal.4th at p. 966.)[4]

b. If a state determines to provide for appellate review, its appellate procedures must comport with due process and equal protection guarantees.

If a state has provided for appellate review as "an integral part of the ... system for finally adjudicating the guilt or innocence of a defendant" (Griffin v. Illinois (1956) 351 U.S. 12, 18 [76 S.Ct. 585, 590, 100 L.Ed. 891, 55 A.L.R.2d 1055]), its appellate procedures must comport with the demands of "the Due Process and Equal Protection Clauses [to] protect persons ... from invidious discriminations. [Citations.]" (Ibid.; Evitts v. Lucey, supra, 469 U.S. at p. 393 [105 S.Ct. at p. 834].) To pass muster, the state's procedures must afford "adequate and effective appellate review." (Griffin, supra, at p. 20 [76 S.Ct. at p. 591].)[5]
To help ensure the fairness of the appellate process, counsel must be appointed for indigent defendants on their first appeal granted by the state as a matter of right. (Douglas v. California (1963) 372 U.S. 353, 356-357 [83 S.Ct. 814, 816, 9 L.Ed.2d 811].)[6] The constitutional right to counsel on appeal recognized by Douglas is not based on the Sixth Amendment. Rather, Douglas based its holding on Fourteenth Amendment principles, stating: "[A] State can, consistently with the Fourteenth Amendment, provide for differences so long as the result does not amount to a denial of due process or an `invidious discrimination.' [Citations.] Absolute equality is not required; lines can be and are drawn and we often sustain them. [Citations.] But where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has *559 been drawn between rich and poor." (Douglas, supra, 372 U.S. at pp. 356-357 [83 S.Ct. at p. 816].)[7]
In Rinaldi v. Yeager (1966) 384 U.S. 305, 307-309 [86 S.Ct. 1497, 1498-1500, 16 L.Ed.2d 577], the Supreme Court struck down a New Jersey law which required only unsuccessful criminal appellants who were incarcerated to repay the cost of their transcripts, and did not require repayment by other unsuccessful criminal appellants who had been convicted in state courts. Rinaldi reiterated the right of an indigent criminal defendant to access to appellate review, holding, without reference to the Sixth Amendment, "This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts. [Citations.]" (Id., at p. 310 [86 S.Ct. at p. 1500].)
Subsequently, on Fourteenth Amendment grounds, the Supreme Court held an indigent criminal appellant was entitled to "[t]he assistance of appellate counsel in preparing and submitting a brief to the appellate court ... on the only appeal which the State affords him as a matter of right." (Swenson v. Bosler (1967) 386 U.S. 258, 259 [87 S.Ct. 996, 997, 18 L.Ed.2d 33].) Anders v. California (1967) 386 U.S. 738, 741 [87 S.Ct. 1396, 1398, 18 L.Ed.2d 493], likewise was decided under the Fourteenth Amendment. There, the court held "[t]he constitutional requirement of substantial equality and fair process can only be attained where [appointed] counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae." (Id., at p. 744 [87 S.Ct. at p. 1400]; see also Entsminger v. Iowa (1967) 386 U.S. 748, 751-752 [87 S.Ct. 1402, 1404, 18 L.Ed.2d 501].)
In Ross v. Moffitt, supra, 417 U.S. at pages 602-603 [94 S.Ct. at page 2440], the Supreme Court examined whether Douglas v. California, supra, 372 U.S. 353, requiring the appointment of counsel for indigent state defendants on their first appeal as of right, would be extended to require appointment of counsel for discretionary appellate review to higher appellate *560 courts. The court held "[o]ur reading of the Fourteenth Amendment leaves these choices to the State." (Ross v. Moffitt, supra, at pp. 618-619 [94 S.Ct. at p. 2448].) Again, the Sixth Amendment was not implicated.
In 1975, the year following Moffitt, the Supreme Court in Faretta recognized a criminal defendant has a fundamental constitutional right, flowing from the Sixth Amendment, to self-representation at trial. (Faretta, supra, 422 U.S. at p. 832 [95 S.Ct. at pp. 2539-2540].)
Thereafter, in Evitts, the Supreme Court held a "first appeal as of right ... is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney.... [T]he promise of Douglas [v. California, supra, 372 U.S. 353] that a criminal defendant has a right to counsel on appeal ... would be a futile gesture unless it comprehended the right to the effective assistance of counsel." (Evitts v. Lucey, supra, 469 U.S. at pp. 396-397 [105 S.Ct. at pp. 836-837], italics added.)
These decisions demonstrate the right of a criminal defendant to access to the initial appeal as a matter of right, and the right to counsel at that stage, flow from the due process and equal protection clauses of the Fourteenth Amendment, not from the Sixth Amendment, the foundation upon which Faretta rests.
Thus, our inquiry becomes whether denial of self-representation on appeal contravenes due process or equal protection guarantees. While due process and equal protection require the state to provide an indigent criminal appellant with appointed counsel on the initial appeal as of right, it does not follow that denial of self-representation violates equal protection or due process guarantees. As stated in Lumbert v. Finley (7th Cir.1984) 735 F.2d 239, 246, "[w]e find it conceptually difficult to imply in the `equal protection right' to counsel on direct appeal a correlative right of self-representation on direct appeal." Similarly, the due process principle requiring an indigent be provided with counsel on appeal does not imply a correlative right to self-representation on appeal. (Ibid.)

3. Scott has no due process right to self-representation on appeal.

(2a) Faretta's interpretation of the Sixth Amendment is binding on the states as "part of the `due process of law' that is guaranteed by the Fourteenth Amendment to defendants in the criminal courts of the States." (Faretta, supra, 422 U.S. at p. 818 [95 S.Ct at p. 2532].) The question herein is whether it is only self-representation at trial as guaranteed by the Sixth Amendment which is binding on the states or whether, as Scott contends, *561 there is a broad right of self-representation in the general sense which forms a part of due process. As explained below, the right to self-representation in the general sense is not an element of due process. Hence, the due process clause requires California to recognize the right of self-representation at trial in accordance with the Sixth Amendment, but does not require California to recognize a right of self-representation on appeal.

a. General principles.

(3) The due process clause of the Fourteenth Amendment "incorporates many of the specific protections defined in the Bill of Rights." (Zinermon v. Burch (1990) 494 U.S. 113, 125 [110 S.Ct. 975, 983, 108 L.Ed.2d 100] (Zinermon).) Additionally, the due process clause of the Fourteenth Amendment "encompasses ... a guarantee of fair procedure." (Ibid.)
The "very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation. [Citations.] `"[D]ue process," unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.' It is `compounded of history, reason, the past course of decisions....' [Citation.]" (Cafeteria Workers v. McElroy (1961) 367 U.S. 886, 895 [81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230]; accord, Gilbert v. Homar (1997) 520 U.S. 924, ___ [117 S.Ct. 1807, 1812, 138 L.Ed.2d 120, 127].) Due process "is flexible and calls for such procedural protections as the particular situation demands." (Morrissey v. Brewer (1972) 408 U.S. 471, 481 [92 S.Ct. 2593, 2600, 33 L.Ed.2d 484]; accord, Gilbert v. Homar, supra, 520 U.S. at p. ___ [117 S.Ct. at p. 1812, 138 L.Ed.2d at p. 127].)
Thus, for example, while the Sixth Amendment protects a criminal defendant's fundamental constitutional right to a trial by jury (McKeiver v. Pennsylvania (1971) 403 U.S. 528, 540 [91 S.Ct. 1976, 1983-1984, 29 L.Ed.2d 647]), due process does not require all matters to be tried before a jury. As the high court observed, "... one cannot say that in our legal system the jury is a necessary component of accurate factfinding. There is much to be said for it, to be sure, but we have been content to pursue other ways for determining facts. Juries are not required, and have not been, for example, in equity cases, in workmen's compensation, in probate, or in deportation cases. Neither have they been generally used in military trials." (Id., at p. 543 [91 S.Ct. at p. 1985].)
Because due process is a flexible concept that varies with the particular situation, "[t]o determine what procedural protections the Constitution requires in a particular case, we weigh several factors: `First, the private *562 interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.' [Citation.]" (Zinermon, supra, 494 U.S. at p. 127 [110 S.Ct. at p. 984]; accord, Gilbert v. Homar, supra, 520 U.S. at p. ___ [117 S.Ct. at p. 812, 138 L.Ed.2d at p. 128].)
A consideration of the relevant factors leads us to conclude due process does not require California to allow self-representation by criminal appellants on their initial appeal.

b. Denial of self-representation on appeal does not impair the fundamental fairness of the proceeding, and therefore self-representation is not a requirement of due process.

(1) Disallowing self-representation by criminal appellants promotes the state's interest in ensuring they are accorded fair and effective appellate review.

(2b) We begin with the premise that the state has a compelling "interest in [e]nsuring an adequate appellate review of judgments which deprive individuals of their liberty." (Blandino, supra, 914 P.2d at p. 627; accord, U.S. v. Turnbull (9th Cir.1989) 888 F.2d 636, 639-640, cert. den. 498 U.S. 825 [111 S.Ct. 78, 112 L.Ed.2d 51]; Africa v. Anderson (E.D.Pa. 1982) 542 F. Supp. 224, 229-230.)
The United States Supreme Court has recognized "[j]ust as a transcript may by rule or custom be a prerequisite to appellate review, the services of a lawyer will for virtually every layman be necessary to present an appeal in a form suitable for appellate consideration on the merits. [Citation.]" (Evitts v. Lucey, supra, 469 U.S. at p. 393 [105 S.Ct. at p. 834].)
Therefore, "[p]ersuasive reasons support requiring the assistance of counsel on direct appeal from a conviction. This court has a duty to ensure that appellants receive a fair appeal. [Citations.] This court could not ensure the fairness of criminal appeals if we were to create a right to self-representation on appeal. Documents filed by persons who are untrained in the law are often incoherent and fail to identify the issues presented on appeal.... The due process right to a fair appeal would be hindered by establishing a right to self-representation on appeal." (Blandino, supra, 914 P.2d at p. 626.)

(2) Because a prisoner is not entitled to present oral argument, representation through counsel helps ensure adequate appellate review.

In Price v. Johnston (1948) 334 U.S. 266, 285 [68 S.Ct. 1049, 1060, 92 L.Ed. 1356], the Supreme Court held "... a prisoner has no absolute right *563 to argue his own appeal or even to be present at the proceedings in an appellate court. [Citation.] The absence of that right is in sharp contrast to his constitutional prerogative of being present in person at each significant stage of a felony prosecution, ... and to his recognized privilege of conducting his own defense at the trial. Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."
Faretta itself acknowledged this distinction. While Faretta recognized a criminal defendant has a right to self-representation at trial under the Sixth Amendment, the court specifically distinguished the right to conduct one's own defense at trial from other stages of the judicial process. The majority opinion in Faretta observed "in Price v. Johnston, 334 U.S. 266, the Court, in holding that a convicted person had no absolute right to argue his own appeal, said this holding was in `sharp contrast' to his `recognized privilege of conducting his own defense at the trial.' [Citation.]" (Faretta, supra, 422 U.S. at p. 816 [95 S.Ct. at pp. 2531-2532].)
Because a prisoner is effectively precluded from arguing his or her own appeal or even from being present at the proceedings in the appellate court (Price v. Johnston, supra, 334 U.S. at p. 285 [68 S.Ct. at p. 1060]), if a criminal appellant were to proceed in propria persona, the reviewing court would lose "the benefits of listening to his contentions, hearing only the arguments of government counsel." (Id., at p. 280 [68 S.Ct. at p. 1057].) It is not a satisfactory answer to say that an unrepresented appellant simply may waive oral argument. "[T]here are occasions when a court deems it essential that oral argument be had; indeed a court order or request to that effect may be necessary where the parties have previously indicated a willingness to forego the privilege. In such situations where oral argument is slated to take place, fairness and orderly appellate procedure demand that both parties be accorded an equal opportunity to participate in the argument...." (Ibid.)
For this additional reason, the due process right to a fair appeal would be hindered by establishing a right to self-representation on appeal.

(3) Safeguards implemented in California to ensure the fairness of the appellate process through adequate appellate representation.

Rule 470 of the California Rules of Court requires trial courts at the time of judgment and sentencing to advise defendants of their appellate rights, including the right of an indigent defendant to have counsel appointed by the reviewing court, and the steps that must be taken to protect those rights. In the case of an indigent defendant, the trial attorney has a statutory duty to *564 "execute and file on his or her client's behalf a timely notice of appeal when the attorney is of the opinion that arguably meritorious grounds exist for a reversal or modification of the judgment or orders to be appealed from...." (§ 1240.1, subd. (b).)
To implement the right to counsel on appeal, this court contracts with the California Appellate Project (CAP), which performs administrative functions in connection with the appointment of appellate counsel. Pursuant to rule 76.5(d) of the California Rules of Court, the appellate court is relieved of the duty of assuring the quality of appointed counsel under the guidelines in section 20 of the Standards of Judicial Administration because the qualified attorneys in CAP are required to consult with and assist appointed counsel concerning the issues on appeal and appellant's opening brief.
An appellate counsel appointed to represent a criminal defendant is required to act as a competent advocate. (4) As stated in People v. Harris (1993) 19 Cal. App.4th 709, 713-714 [23 Cal. Rptr.2d 586]: "A criminal defendant has a right not only to counsel on appeal [citation], but to competent counsel on appeal. [Citation.]" Some of the specific duties which appointed appellate counsel must fulfill to meet his or her obligations as a competent advocate include: the duty to ensure a proper record is prepared (People v. Acosta (1996) 48 Cal. App.4th 411, 426 [55 Cal. Rptr.2d 675]; the duty to write a brief which discusses all of the material facts (Cal. Rules of Court, rule 13; People v. Acosta, supra, at p. 427); the duty to prepare a brief containing citations to the appellate record and appropriate authority, and setting forth all arguable issues; and the further duty not to argue the case against a client. (People v. Barton (1978) 21 Cal.3d 513, 519 [146 Cal. Rptr. 727, 579 P.2d 1043]; People v. Harris, supra, at p. 714.) Additionally, appellate counsel serves both the court and the client by advocating changes in the law if argument can be made supporting change. (People v. Harris, supra, at p. 714.)
(2c) Thus, California has endeavored to secure full and fair appellate review of criminal convictions through competent appellate representation. Scott does not take issue with any of the above safeguards which have been established to ensure the fairness of the appellate process. Indeed, Scott concedes "California has gone a long way in ensuring adequate representation on appeal.... The existing system is about as enlightened and generous as can be imagined."
Scott's only quarrel is with the denial of the purported right to proceed in propria persona on appeal for those appellants who do not wish to avail themselves of the right to counsel. We do not perceive the denial of *565 self-representation as impairing in any way the fairness of the appellate process, and therefore due process does not require California to allow self-representation.

(4) The administrative burden of allowing self-representation.

The administrative burden that self-representation would entail is a relevant consideration in determining whether due process requires this court to allow self-representation by criminal appellants. (Zinermon, supra, 494 U.S. at p. 127 [110 S.Ct. at p. 984]; Gilbert v. Homar, supra, 520 U.S. at p. ___ [117 S.Ct. at p. 812, 138 L.Ed.2d at p. 128].)
As a practical matter, it requires an attorney to present an appeal in a form suitable for appellate consideration on the merits. (Evitts v. Lucey, supra, 469 U.S. at p. 393 [105 S.Ct. at p. 834].) Documents filed by persons "who are untrained in the law are often incoherent and fail to identify the issues presented on appeal. Poorly drafted pleadings also require additional time to review and add to the already overwhelming workload of this court." (Blandino, supra, 914 P.2d at p. 626.) Allowing self-representation would aggravate the burden imposed by People v. Wende (1979) 25 Cal.3d 436, 441 [158 Cal. Rptr. 839, 600 P.2d 1071], which already requires this court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues.
(5) It is a familiar refrain that when an appellant decides to proceed in propria persona, "`he is entitled to the same, but no greater, consideration than other litigants and attorneys.'" (Bistawros v. Greenberg (1987) 189 Cal. App.3d 189, 193 [234 Cal. Rptr. 377]; accord, Harding v. Collazo (1986) 177 Cal. App.3d 1044, 1054-1055 [223 Cal. Rptr. 329].) However, State v. Seifert (Minn. 1988) 423 N.W.2d 368, 378 (dis. opn. of Wahl, J.), pinpoints the dilemma: "While we can say that it is the inmate's problem that he finds himself without adequate resources to research and write an effective brief, the true result more likely will be that when an appellate judge reads an incomprehensible pro se brief, that judge will be forced, out of conscience, to wear two hats  that of judge and that of advocate  in order to assure the integrity of our reviewing function. [Fn. omitted.] This will also be true of our law clerks doing research and preparing bench memos, when issues and cases have not been adequately briefed. Do we have the resources to do this and is it appropriate for us to do so?"
We conclude the answer is no. Appellate courts have the "inherent power ... to develop rules of procedure aimed at facilitating the administration of criminal justice." (Joe Z. v. Superior Court (1970) 3 Cal.3d 797, 801-802 [91 *566 Cal. Rptr. 594, 478 P.2d 26].) We do not believe that entertaining self-representation by criminal appellants who have access to competent appellate counsel would represent a wise use of scarce judicial resources, which is a perennial concern of the courts. (See, e.g., People v. Fuhrman (1997) 16 Cal.4th 930, 946 [67 Cal. Rptr.2d 1, 941 P.2d 1189]; Blandino, supra, 914 P.2d at p. 626.)
(2d) In sum, the administrative burden presented by self-representation further supports the conclusion the due process right to a fair appeal would be hindered by establishing a right to self-representation on appeal. (Blandino, supra, 914 P.2d at p. 626.)

(5) Weighing of the relevant factors leads to the conclusion due process does not require recognition of a right to self-representation herein.

As indicated, in determining whether Scott has a due process right to self-representation on appeal, we consider the private interest that will be affected by the official action; the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. (Zinermon, supra, 494 U.S. at p. 127 [110 S.Ct. at p. 984].)
Scott's private interest is his desire to represent himself on appeal, which he terms a right of "free choice." The risk of an erroneous deprivation of that interest is tolerable because, as discussed above, California has implemented an elaborate mechanism to ensure competent legal representation of criminal appellants.
The probable value of the procedure sought by Scott is slight. Laypersons generally are ill-equipped to prosecute an appeal. Also, as a prisoner, Scott would be precluded from presenting oral argument.
Finally, the administrative burden of self-representation would hinder the efficient functioning of the appellate court.
Thus, we conclude Scott's interest in self-representation is outweighed by other considerations, including California's interest in ensuring adequate appellate review, and the denial of self-representation does not impair the fundamental fairness of the appellate process. Consequently, we reject Scott's contention he has a due process right to self-representation herein.

*567 4. Scott's equal protection challenge fails.

(6a) Scott contends that limiting the right to self-representation to trials creates an invalid, underinclusive classification prohibited by the United States and California Constitutions.

a. General principles.

(7) "`[T]he equal protection clause requires that those similarly situated not be treated differently unless the disparity is justified.' [Citation.] The Fourteenth Amendment's guarantee of equal protection and the California Constitution's protection of the same right (Cal. Const., art. I, § 7, subd. (a), art. IV, § 16, subd. (a)) are substantially equivalent and are analyzed in a similar fashion. [Citations.] [¶] In considering an equal protection challenge, `we must first determine the appropriate standard of review. [Citation.] The proper standard of review, ... depends upon the classification involved in, and interests affected by, the challenged law.' [Citation.] The traditional approach involves two tiers. [Fn. omitted.] `The challenged law will be subject to strict scrutiny only if it operates to the peculiar disadvantage of a suspect class [citation] or impinges on a fundamental right [citation].' [Citations.]" (Kenneally v. Medical Board (1994) 27 Cal. App.4th 489, 495-496 [32 Cal. Rptr.2d 504].) Conversely, "... if a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relation to some legitimate end. [Citation.]" (Romer v. Evans (1996) 517 U.S. 620, 631 [116 S.Ct. 1620, 1627, 134 L.Ed.2d 855].)[8]

b. A rational basis exists for not extending the right to self-representation to the appeal.

As explained above, Faretta did not create a fundamental right to self-representation on appeal. Further, no suspect class is involved. Hence, we review Scott's equal protection challenge under the rational basis standard.
The considerations and justification for self-representation in the context of a criminal trial cannot easily be applied to a criminal appeal. There are notable differences between trial and appellate proceedings. In Ross v. Moffitt, which held the state was not required to provide counsel to indigent defendants seeking discretionary appellate review, the court observed: "At *568 the trial stage of a criminal proceeding, the right of an indigent defendant to counsel is fundamental and binding upon the States by virtue of the Sixth and Fourteenth Amendments. [Citation.] But there are significant differences between the trial and appellate stages of a criminal proceeding. The purpose of the trial stage from the State's point of view is to convert a criminal defendant from a person presumed innocent to one found guilty beyond a reasonable doubt. To accomplish this purpose, the State employs a prosecuting attorney who presents evidence to the court, challenges any witnesses offered by the defendant, argues rulings of the court, and makes direct arguments to the court and jury seeking to persuade them of the defendant's guilt. Under these circumstances `reason and reflection require us to recognize that in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him.' [Citation.] [¶] By contrast, it is ordinarily the defendant, rather than the State, who initiates the appellate process, seeking not to fend off the efforts of the State's prosecutor but rather to overturn a finding of guilt made by a judge or jury below. The defendant needs an attorney on appeal not as a shield to protect him against being `haled into court' by the State and stripped of his presumption of innocence, but rather as a sword to upset the prior determination of guilt. This difference is significant for, while no one would agree that the State may simply dispense with the trial stage of proceedings without a criminal defendant's consent, it is clear that the State need not provide any appeal at all. [Citation.]" (Ross v. Moffitt, supra, 417 U.S. at pp. 610-611 [94 S.Ct. at p. 2444].)
(6b) Given the profound differences between the trial and appellate stages, it is arguable that criminal defendants and criminal appellants are not similarly situated and that therefore equal protection concerns are not implicated.
However, even assuming the two classes are similarly situated, there is a rational basis for not extending the right to self-representation to criminal appeals.
Under the Sixth Amendment, "[i]t is the accused, not counsel, who must be `informed of the nature and cause of the accusation,' who must be `confronted with the witnesses against him,' and who must be accorded `compulsory process for obtaining witnesses in his favor.'" (Faretta, supra, 422 U.S. at p. 819 [95 S.Ct. at p. 2533].) The accused also is entitled "to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." (Id., at p. 819, fn. 15 [95 S.Ct. at p. 2533].) Further, a criminal defendant has a fundamental constitutional right at trial to present testimony on his or her own behalf. (Rock v. Arkansas (1987) 483 U.S. 44, 51-53 [107 S.Ct. 2704, 2709-2710, 97 L.Ed.2d 37].)
*569 In contrast, as discussed above, prisoners are effectively precluded from arguing their own appeals or even from attending the proceedings in the appellate court. (Price v. Johnston, supra, 334 U.S. at p. 285 [68 S.Ct. at p. 1060].) Thus, where a criminal appellant proceeds in propria persona, the reviewing court loses "the benefits of listening to his contentions, hearing only the arguments of government counsel." (Id., at p. 280 [68 S.Ct. at p. 1057].) Therefore, self-representation on appeal would undermine the state's profound interest in ensuring adequate review of criminal convictions. (Blandino, supra, 914 P.2d at p. 627.)
We make the additional observation that unlike presenting a defense at trial, which is essentially a factfinding proceeding, counsel's task in prosecuting an appeal is to raise arguable legal issues based on the appellate transcript in an effort to establish reversible error. Given the purely legal nature of the inquiry on appeal, the appellant's personal input at that stage is relatively minor. Therefore, the pro se interest on appeal is much less than at the trial court level.
In sum, a rational basis exists for not extending the trial right to self-representation to the initial appeal.[9]

5. California does not recognize a right to self-representation on appeal.

Having found no due process or equal protection right to self-representation by criminal appellants, we now focus on California law in this regard.

a. Pre-Faretta decisions.

In People v. Mattson (1959) 51 Cal.2d 777, 797 [336 P.2d 937], although the defendant was represented by court-appointed counsel on appeal, he persisted in filing documents in propria persona. Our Supreme Court stated: "The general rule that a defendant who is represented by an attorney of record will not be personally recognized by the court in the conduct of his case [citation] applies to the filing of pro se documents on appeal [citation]. Because of the undesirability of fruitlessly adding to the burdens of this *570 court the time-consuming task of reading pro se documents which are not properly before us, and, if they be read, of consequently enlarging this opinion by a recountal and discussion of the contentions made in propria persona, such documents filed in this appeal by defendant should be stricken. [¶] For the reasons above stated the documents filed in propria persona by defendant during the time when he has been represented by court-appointed counsel are stricken from the files[.]" (People v. Mattson, supra, 51 Cal.2d at p. 798.)[10]
In People v. Ashley (1963) 59 Cal.2d 339, 358 [29 Cal. Rptr. 16, 379 P.2d 496], an automatic appeal, the defendant refused the services of counsel and filed an opening brief in propria persona. The Supreme Court considered the defendant's brief. In addition, over the defendant's objection, the Supreme Court appointed an attorney to file a brief and to argue the case on the defendant's behalf. (Ibid.) The court explained: "It was proper to appoint [appellate] counsel, whether defendant desired him or not, as long as defendant's constitutional right to appear in propria persona was not violated (People v. Darling [1962] 58 Cal.2d 15, 17 [22 Cal. Rptr. 484, 372 P.2d 316])." (People v. Ashley, supra, at p. 358, italics added.)
The constitutional right to appear in propria persona, referred to in Darling, was based on California Constitution, article I, former section 13. (People v. Darling (1962) 58 Cal.2d 15, 19.) California Constitution, article I, former section 13, provided in relevant part: "`In criminal prosecutions, in any court whatever, the party accused shall have the right ... to appear and defend, in person and with counsel.'" (People v. Ashley, supra, 59 Cal.2d at p. 360, fn. 6, italics added.)
California Constitution, article I, former section 13 was repealed in 1974 and superseded by article I, section 15. (1 West's Ann. Cal. Const. (1983 ed.) Historical Note foll. § 13, p. 425.) Article I, section 15 of the California Constitution, which sets forth various safeguards in criminal prosecutions, states in its entirety: "The defendant in a criminal cause has the right to a speedy public trial, to compel attendance of witnesses in the defendant's behalf, to have the assistance of counsel for the defendant's defense, to be personally present with counsel, and to be confronted with the witnesses against the defendant. The Legislature may provide for the deposition of a witness in the presence of the defendant and the defendant's counsel. [¶] *571 Persons may not twice be put in jeopardy for the same offense, be compelled in a criminal cause to be a witness against themselves, or be deprived of life, liberty, or property without due process of law."
Conspicuously absent from California Constitution, article I, section 15, is the language in article I, former section 13 which gave the party accused the right "`in any court whatever, ... to appear and defend, in person and with counsel.'" (People v. Ashley, supra, 59 Cal.2d at p. 360, fn. 6, italics added.) Thus, that crucial language is no longer extant.[11]

b. The post-Faretta decision of In re Walker.

In 1976, two years after the repeal of California Constitution, article I, former section 13, and one year after the Faretta decision, the Court of Appeal decided In re Walker, supra, 56 Cal. App.3d 225. There, the petitioner contended "... his rights and guarantees under the Sixth and Fourteenth Amendments to the United States Constitution and the California Constitution were violated by his being denied the right to represent himself on appeal." (In re Walker, supra, 56 Cal. App.3d at p. 227.)
In rejecting the contention, Walker stated: "Petitioner has no constitutional right of self-representation on appeal. [¶] `An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal.... [¶] ... [¶] California has made the right to appeal a statutory creature whose scope and authority is only as specifically delineated. [Citations.] [¶] ... [¶] Once appellate review is established it must be kept free from any procedures which violate due process or equal protection of the law. [Citations.] ... [¶] ... [¶] Under California law a criminal defendant has neither a constitutional nor statutory right to argue his case on appeal, or to be present during such proceedings. [Citations.] [¶] Moreover, under some circumstances, counsel may be appointed on appeal over the defendant's objections. [Citations.] Once appointed, the attorney has the exclusive right to appear and control court proceedings as long as fundamental rights are not denied; neither the party himself nor another attorney can be recognized in the conduct or disposition of the case. [Citations.]" (In re Walker, supra, 56 Cal. App.3d at pp. 227-228.)
*572 In re Walker further held: "The recent case of Faretta v. California (1975) 422 U.S. 806 ... does not change the foregoing law. Faretta holds that the Sixth and Fourteenth Amendments guarantee that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily and intelligently elects to do so. The court did not have before it any claim of a right to self-representation on appeal; indeed the majority opinion cited with approval Price v. Johnston, supra, which held that a convicted person has no absolute right to argue his own appeal. (422 U.S. at p. 816 [45 L.Ed.2d at p. 571].) [¶] The record shows that petitioner originally requested the appointment of counsel to assist in his appeal and counsel was provided for him. Because of the size and complexity of the case, this court would have appointed counsel even absent a request. We find no deprivation of any rights or prejudice to petitioner from this court's action in appointing counsel." (In re Walker, supra, 56 Cal. App.3d at pp. 228-229.)
Since In re Walker, no California case has addressed whether the right to self-representation recognized in Faretta extends to the appeal.

c. Recent reaffirmance of the Mattson rule.

In People v. Clark (1992) 3 Cal.4th 41 [10 Cal. Rptr.2d 554, 833 P.2d 561], the California Supreme Court again was presented with a represented defendant on appeal who sought to file documents and briefs in addition to the briefing of counsel. Clark stated: "In People v. Mattson (1959) 51 Cal.2d 777 ..., we confronted a similar situation. As we there observed, `although defendant has been diligently represented by court-appointed counsel, he has persisted in presenting documents in propria persona which reflect his misconceptions of and refusal to accept established rules of law.' [Citation.] We held: `The general rule that a defendant who is represented by an attorney of record will not be personally recognized by the court in the conduct of his case applies to the filing of pro se documents on appeal. Because of the undesirability of fruitlessly adding to the burdens of this court the time-consuming task of reading pro se documents which are not properly before us, and, if they be read, of consequently enlarging this opinion by a recountal and discussion of the contentions made in propria persona, such documents filed in this appeal by defendant should be stricken.' [Citation.] [¶] We now reiterate this rule. Motions and briefs of parties represented by counsel must be filed by such counsel.... Developments since Mattson ... was decided necessitate one exception to this rule. We will accept and consider pro se motions regarding representation, including requests for new counsel. [Citation.] Such motions must be clearly labeled as such, and must be limited to matters concerning representation. *573 We will not consider extraneous matters even in such documents unless submitted by counsel. Any pro se documents by represented parties not clearly coming within this exception will be returned unfiled." (People v. Clark, supra, 3 Cal.4th at p. 173.)
In sum, no California court has held the Sixth Amendment right to self-representation at trial, recognized in Faretta, extends to the appeal.

6. Other jurisdictions.

The focus of our inquiry is whether the right to self-representation at trial, as recognized in Faretta, extends to the initial appeal as of right. Because we are aware of the growing split of authority in other jurisdictions concerning this issue, we deem it appropriate to examine the rationales of those decisions for purposes of evaluating the soundness of our position.
We do not reprise each and every published opinion that involves self-representation by a criminal appellant.[12] Here, we confine our discussion to post-Faretta decisions in an attempt to glean their reasons for applying or not applying Faretta on appeal.[13]

a. Authorities declining to extend the Faretta right to self-representation to the appeal.

(1) State courts.

As discussed, the Nevada Supreme Court in Blandino, supra, 914 P.2d at page 626, recently held there is no right to self-representation on appeal. *574 Blandino recognized that because the Sixth Amendment only applies to trials, it does not support the existence of a right to self-representation on appeal. (Ibid.) Blandino also expressed the concern it could not ensure the fairness of criminal appeals if it were to create a right to appellate self-representation. (Ibid.)
Tennessee similarly concluded "[t]he Sixth Amendment right to proceed pro se, ... is limited to trial proceedings.... [¶] ... [¶] ... The distinction may be that the right to proceed pro se at trial is derivative of the Sixth Amendment right to counsel. Faretta, 422 U.S. at 820, 95 S.Ct. at 2533-2534. There is no constitutional right of appeal; yet where appellate review is provided by statute, the proceedings must comport with constitutional standards. [Citations.] The right to counsel on a first tier appeal, therefore, derives from notions of equal protection and due process under the Fourteenth Amendment. [Citations.]" (State v. Gillespie (Tenn. Crim. App. 1994) 898 S.W.2d 738, 741.)
Likewise, in Callahan v. State (1976) 30 Md. App. 628 [354 A.2d 191, 193-194], the Maryland appellate court found the right to the assistance of counsel at trial and the correlative right of self-representation at trial, as set forth in Faretta, did not establish a right of self-representation on appeal, due to the "different rule which applies at the appellate level." Relying on Price v. Johnston, supra, 334 U.S. 266, Callahan concluded the question of whether an appellant may waive counsel and argue his own case on appeal involves "no matter of right, but is addressed to the discretion of the appellate court." (Callahan, supra, at p. 194.)
Similarly, the Florida Supreme Court determined: "The principle of Faretta v. California, 422 U.S. 806, ... concerning self-representation is not applicable to appeals. Indeed, the Faretta court cited with approval Price v. Johnston, 334 U.S. 266, ... In Price, the United States Supreme Court stated: `The discretionary nature of the power in question grows out of the fact that a prisoner has no absolute right to argue his own appeal or even to be present at the proceedings in an appellate court. The absence of that right is in sharp contrast to his constitutional prerogative of being present in person at each significant stage of a felony prosecution and to his recognized privilege of conducting his own defense at the trial.'" (Hill v. State (Fla. 1995) 656 So.2d 1271, 1272.)

(2) Federal courts.

At the federal level, the Fourth Circuit Court of Appeals in United States v. Gillis (4th Cir.1985) 773 F.2d 549, 559-560, held there is no constitutional right to self-representation on appeal. Gillis explained: "In constitutional analysis, ... the rights to counsel and self-representation on appeal *575 stand on different ground. Unlike the right to trial, which is also guaranteed by the Sixth Amendment, there is no constitutional right to an appeal. [Citation.] Rather, where the right to appeal a criminal conviction exists, it exists only by statute. [Citation.] Once the right to appeal is granted, however, the Equal Protection and Due Process Clauses command that an indigent defendant has a right to appointed counsel, [citation], and access to the courts.... [¶] Although a convicted defendant has a right to counsel on appeal, his implicit Sixth Amendment right to represent himself at trial does not carry over to the appeal." (United States v. Gillis, supra, 773 F.2d at pp. 559-560, second italics added.)
Similarly, the Seventh Circuit Court of Appeals in Lumbert v. Finley, supra, 735 F.2d at page 245, rejected the contention Faretta stands for the proposition the Sixth Amendment guarantees a right of self-representation on appeal. Lumbert appreciated the "significant differences between the trial and appellate stages of a criminal proceeding. `The defendant needs an attorney on appeal not as a shield to protect him against being `haled into court' by the State and stripped of his presumption of innocence, but rather as a sword to upset the prior determination of guilt....' [I]t is difficult to perceive any basis in the history or structure of the Sixth Amendment for a right of self-representation on appeal. [¶] The constitutional sources of an indigent defendant's right to counsel on his first appeal as of right are the Equal Protection Clause and, to a lesser extent, the Due Process Clause of the Fourteenth Amendment. Douglas v. California, 372 U.S. 353, ... Although due process and equal protection principles converge in the Douglas [c]ourt's analysis, the equal protection rationale for the Douglas decision is prominent; the Court determined that: `[w]here the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor.' Id. at 357, ... We find it conceptually difficult to imply in the `equal protection right' to counsel on direct appeal a correlative right of self-representation on direct appeal. And, although the due process principle of fundamental fairness requires that an indigent be provided with counsel on direct appeal, it provides no basis for finding a correlative right of self-representation on direct appeal." (Lumbert v. Finley, supra, 735 F.2d at pp. 245-246.)

b. Authorities recognizing a right to self-representation on appeal.

Various state and federal courts which have interpreted Faretta as entitling a criminal defendant to self-representation on appeal have done so with little or no discussion or analysis of the legal underpinnings of Faretta. These decisions fail to give due consideration to the fact the right to counsel *576 on appeal stands on an entirely different constitutional footing than the right to counsel at trial. We illustrate the point with various examples.

(1) State courts.

The Indiana Supreme Court held: "The question of whether the Sixth Amendment also guarantees self-representation on appeal has not been passed upon by the United States Supreme Court, but since the Sixth Amendment right to counsel is applicable at both trial and appeal, Douglas v. California, (1963) 372 U.S. 353, ..., it follows that there is a correlative right to reject counsel and proceed pro se both at trial and on appeal of a criminal case. There is no meaningful distinction between conducting a defense at trial and prosecuting an appeal that prevents the application of the Faretta rationale to the case of an appellant who wishes to reject representation by counsel and instead represent himself on appeal." (Webb v. State (1980) 274 Ind. 540 [412 N.E.2d 790, 792], first and fourth italics added.)
Michigan likewise has found a right to self-representation on appeal, reasoning the right exists because "... there seems to be no meaningful distinction that can be drawn between the right to represent oneself at the trial level and the right to submit an appellate brief." (People v. Stephens (1976) 71 Mich. App. 33 [246 N.W.2d 429, 432], italics added.)
Texas also has recognized the right of a defendant to self-representation on appeal, finding "no meaningful distinction between conducting a defense at trial and prosecuting an appeal which would prevent the application of the Faretta rationale to the case of an appellant who wished to reject representation by counsel and instead represent himself on appeal." (Webb v. State (Tex. Crim. App. 1976) 533 S.W.2d 780, 783, italics added; accord, Hathorn v. State (Tex. Crim. App. 1992) 848 S.W.2d 101, 122-123.)
The Arkansas Supreme Court, relying on Faretta, held a criminal appellant pursuing a first appeal as a matter of right may avail himself or herself of the right to self-representation upon a voluntary and intelligent waiver of the right to counsel. (State v. Van Pelt (1991) 305 Ark. 125 [810 S.W.2d 27, 28]; Gidron v. State (1993) 312 Ark. 517 [850 S.W.2d 331, 332].)
The Pennsylvania Supreme Court, citing Faretta and Pennsylvania authority, stated: "It is well settled that a criminal defendant or appellant has the right to proceed pro se at trial and through appellate proceedings. [Citations.]" (Com v. Rogers (1994) 537 Pa. 581 [645 A.2d 223, 224].)
In Louisiana, an appellate court, without analysis, simply held "... a defendant's right to self-representation extends to his first appeal." (State v. Warner (La. Ct. App. 1991) 594 So.2d 397, 402.)
*577 On this issue, the New Mexico Court of Appeals stated: "The parties assume that defendants have a right to appear pro se on appeal, if that is their desire. Faretta v. California, 422 U.S. 806, ... We have operated under the same assumption. Many parties appear on appeal in both criminal and civil cases pro se." (State v. Boyer (1985) 103 N.M. 655 [712 P.2d 1, 4], italics added.) Thereafter, State v. Lewis (1986) 104 N.M. 218 [719 P.2d 445, 447], found persuasive the Texas decision in Webb v. State, supra, 533 S.W.2d 780, and concluded "... an accused has a constitutional right to prosecute his own appeal." (State v. Lewis, supra, at p. 447.)
Oklahoma also has recognized a right to self-representation on appeal, although "... the right to self-representation is not absolute. See Price v. Johnston, 334 U.S. 266...." (Ward v. State (Okla. Crim. App. 1981) 628 P.2d 376, 378].)

(2) Federal courts.

Turning to the federal appellate courts, the Eighth Circuit in Chamberlain v. Ericksen (8th Cir.1984) 744 F.2d 628, 630 stated: "[I]t is not settled whether the right of self-representation under Faretta extends to a defendant's appeal from a conviction. [Citation.]" Chamberlain then observed "[a] defendant's right to file a pro se brief or motions is distinguishable from a defendant's right to make oral argument before the court. See generally Price v. Johnston, 334 U.S. 266, ..." (Ibid.) Chamberlain concluded: "We have no doubt that a defendant is not required to have counsel forced upon him or her. [Citations.] This rule is true not only at trial but on appeal. Recognition of this principle lends itself to the recognition that all defendants have a basic right to address the court with a pro se brief." (Ibid.)
The Fifth Circuit found the Eighth Circuit's reasoning in Chamberlain to be persuasive. (Myers v. Collins (5th Cir.1993) 8 F.3d 249, 252.) Myers concluded "[w]hether at trial or appeal, a defendant is not required to accept unwanted counsel.... [A] state criminal defendant has a constitutional right to present pro se briefs and motions on appeal. [Fn. omitted.]" (Ibid.; accord, Myers v. Johnson (5th Cir.1996) 76 F.3d 1330, 1333-1334.)
The Ninth Circuit, in Hines v. Enomoto (9th Cir.1981) 658 F.2d 667, 677, was presented with the contention an appellant was denied his right to self-representation when appointed counsel was forced upon him during his direct appeal in California state court. Hines noted the appellant "was permitted to file a supplemental brief on his own behalf with the California *578 Court of Appeal[[14]].... Thus, even if we assume that the right of self-representation extends in all cases to the appellate process, his right was not here violated." (Italics added.) Thereafter, in Campbell v. Blodgett (9th Cir.1991) 940 F.2d 549, presented with a petitioner's motion to discharge appointed counsel and represent himself on appeal, the Ninth Circuit summarily stated: "[Petitioner] is entitled to do so under Faretta v. California, 422 U.S. 806, ... This motion is therefore GRANTED." (See also Hendricks v. Zenon (9th Cir.1993) 993 F.2d 664, 669, stating defendant has Sixth Amendment right to proceed pro se on appeal, pursuant to Faretta.)
Also, a district court in the Seventh Circuit held there is a Sixth Amendment right to self-representation on appeal. (U.S. ex rel. Williams v. O'Leary (N.D.Ill. 1989) 712 F. Supp. 662, 665.) Surprisingly, the district court found the issue was "one of apparent first impression." (Ibid.) The court then reasoned: "[T]rial counsel cannot be forced on an unwilling defendant. Faretta v. California, 422 U.S. 806, ... established that the Sixth Amendment guarantees a state criminal trial defendant the right to self-representation. Though Faretta did not directly address the same question at the appellate level, the identical considerations stated in Faretta, ... would seem to apply at that later stage." (Ibid.)[15]

c. Decisions declining to extend Faretta right to self-representation at trial to the appeal are more persuasive.

Courts which have declined to extend Faretta to create a right of self-representation on appeal have duly appreciated the right to counsel at the appellate level rests on the due process and equal protection guarantees of the Fourteenth Amendment, as opposed to the Sixth Amendment, which is the constitutional basis for the right to self-representation at trial recognized in Faretta.
Decisions which read Faretta as entitling a criminal defendant to self-representation on appeal simply assume that is the dictate of Faretta, or do not set forth any rationale for extending Faretta beyond trial proceedings, or fail to perceive any meaningful distinction between the Sixth Amendment right to conduct one's own defense at trial and the purported right to self-representation on appeal.
*579 The cases which have engaged in a reasoned analysis of the issue are in accord with the position we have taken herein.

CONCLUSION
The Sixth Amendment right to the assistance of counsel at trial, and the related right to conduct one's own defense, as recognized in Faretta, do not give rise to a right to self-representation on appeal.
There is neither a federal constitutional right to an appeal nor the right to be present at, or to argue, one's own appeal. The states are entitled to wide discretion in formulating their criminal appellate procedures. California has created an elaborate scheme to ensure that criminal defendants receive competent appellate representation. The denial of self-representation on an initial appeal as of right does not contravene due process or equal protection guarantees.[16],[17]

DISPOSITION
Scott's motion to proceed in propria persona is denied.
Croskey, J., and Aldrich, J., concurred.
A petition for a rehearing was denied June 30, 1998, and appellant's petition for review by the Supreme Court was denied September 30, 1998.
NOTES
[1] For examples of published decisions arising out of motions on appeal, see Life v. County of Los Angeles (1990) 218 Cal. App.3d 1287, 1290 [267 Cal. Rptr. 557] (motion to dismiss appeal) and Springer v. Angeles Credit Co., Ltd. (1941) 44 Cal. App.2d 711 [113 P.2d 10] (motion to consolidate appeals).
[2] Unless otherwise specified, all further statutory references are to the Penal Code.
[3] Emphasizing an individual's right to "free choice" (Faretta, supra, 422 U.S. at p. 834 [95 S.Ct. at p. 2540]). Faretta observed. "`[w]hat were contrived as protections for the accused should not be turned into fetters.... [¶] ... [T]o deny him in the exercise of his free choice the right to dispense with some of these safeguards ... is to imprison a man in his privileges and call it the Constitution.' [Citation.]" (Id., at p. 815 [95 S.Ct. at p. 2531].) The issue of the wisdom of the Faretta decision is not before us. Our inquiry is limited to whether a criminal defendant's right to self-representation extends to the appeal.
[4] However, as noted in In re Sade C., supra, 13 Cal.4th at page 966, "each and every state has chosen to allow such review."
[5] In Griffin, which arose in Illinois, a transcript of the trial court proceedings was a prerequisite to a decision on the merits of an appeal. (Griffin v. Illinois, supra, 351 U.S. at pp. 13-14 [76 S.Ct. at p. 588].) The Supreme Court held the state must provide such a transcript to indigent criminal appellants who could not afford to buy one if that was the only way to ensure an "adequate and effective" appeal. (Id., at p. 20 [76 S.Ct. at p. 591]; accord, Evitts v. Lucey, supra, 469 U.S. at p. 393 [105 S.Ct. at p. 834].)
[6] In California, the right to appeal a criminal conviction is statutory. (§§ 1235, 1237; Douglas v. California, supra, 372 U.S. at p. 356 [83 S.Ct. at p. 816]; People v. Vargas (1993) 13 Cal. App.4th 1653, 1659 [17 Cal. Rptr.2d 445].) The initial appeal of a felony conviction to the California Court of Appeal is a matter of right, with further review being discretionary. (Douglas v. California, supra, at p. 356 [83 S.Ct. at p. 816].)
[7] The Supreme Court acknowledged in Ross v. Moffitt (1974) 417 U.S. 600, 608-609 [94 S.Ct. 2437, 2443, 41 L.Ed.2d 341]: "The precise rationale for the Griffin and Douglas lines of cases has never been explicitly stated, some support being derived from the Equal Protection Clause of the Fourteenth Amendment, and some from the Due Process Clause of that Amendment. [Fn. omitted.] Neither Clause by itself provides an entirely satisfactory basis for the result reached, each depending on a different inquiry which emphasizes different factors. `Due process' emphasizes fairness between the State and the individual dealing with the State, regardless of how other individuals in the same situation may be treated. `Equal protection,' on the other hand, emphasizes disparity in treatment by a State between classes of individuals whose situations are arguably indistinguishable."
[8] Equal protection guarantees are not limited to legislative classifications. The actions of state courts are likewise subject to the restraints of the equal protection clause. (See, e.g., People v. Hunt (1982) 133 Cal. App.3d 543, 554-555 [184 Cal. Rptr. 197]; People v. Baltor (1978) 77 Cal. App.3d 227, 230-231 [143 Cal. Rptr. 478].)
[9] Scott has asserted that limiting the right to self-representation to trials violates equal protection. As discussed, a rational basis exists for that limitation. As for other potential equal protection arguments, we perceive no equal protection violation in disallowing self-representation by criminal appellants while allowing civil appellants to proceed in propria persona. A criminal conviction involves deprivation of liberty, while a civil judgment involves merely money or property. Denying self-representation by criminal appellants advances the state's interest in ensuring effective appellate review of criminal convictions. (Blandino, supra, 914 P.2d at p. 627.)
[10] People v. Stanworth (1969) 71 Cal.2d 820, 834-835 [80 Cal. Rptr. 49, 457 P.2d 889], cited by the People for the proposition that a defendant was not entitled to represent himself in propria persona in an automatic appeal from the death penalty, is inapposite. There, the court ruled "... defendant's refusal to act to extricate himself from the threat of death must be deemed the equivalent of an inability to do so, and he is not entitled to proceed in propria persona." (Id., at p. 835.)
[11] With respect to the right to self-representation at trial, section 686 provides in relevant part: "In a criminal action the defendant is entitled: [¶] 1. To a speedy and public trial. [¶] 2. To be allowed counsel as in civil actions, or to appear and defend in person and with counsel, except that in a capital case he shall be represented in court by counsel at all stages of the preliminary and trial proceedings." Also, section 686.1 states: "Notwithstanding any other provision of law, the defendant in a capital case shall be represented in court by counsel at all stages of the preliminary and trial proceedings."
[12] Cases wherein the right to self-representation on appeal is based on independent state grounds, or decisions which antecede Faretta, have no bearing on the discrete issue presented herein. By way of example, in Minnesota, the right to self-representation on appeal rests on state law. (State v. Seifert, supra, 423 N.W.2d at p. 369.) Therefore, Minnesota's approach is not pertinent here. Also, in a case which predates Faretta, the Supreme Court of Rhode Island stated it "could not force [appellant] to accept an attorney against his will[,] [n]or could [it] properly deny him the right to personally argue his own case." (Lee v. Kindelan (1953) 80 R.I. 212 [95 A.2d 51, 55].) Similarly, in another pre-Faretta case, United States v. O'Clair (1st Cir.1971) 451 F.2d 485, 486, the First Circuit held if a defendant "feels qualified [to conduct his own appeal], he may choose to represent himself." Obviously, such decisions do not speak to the proper interpretation of Faretta.
[13] For a national survey of state and federal cases discussing the right of a criminal defendant to self-representation on appeal, see generally, Annotation, Existence and Extent of Right of Litigant in Civil Case, or of Criminal Defendant, to Represent Himself Before State Appellate Courts (1983) 24 A.L.R.4th 430-445, and Later Case Service. The annotation recognizes "[t]here seems to be substantial confusion among the courts respecting the existence and extent of a criminal defendant's fundamental or constitutional right to self-representation upon appeal in a state court from a conviction." (Annot., supra, at p. 433.)
[14] In this regard, as discussed, the California Supreme Court has held "[m]otions and briefs of parties represented by counsel must be filed by such counsel[,] ... [except for] pro se motions regarding representation, including requests for new counsel.... Any pro se documents by represented parties not clearly coming within this exception will be returned unfiled." (People v. Clark, supra, 3 Cal.4th at p. 173.)
[15] In view of the substantial and continuing split among the federal courts as to whether the Sixth Amendment confers a right to self-representation on appeal, it may be appropriate for the United States Supreme Court to resolve the issue.
[16] We conclude the right to self-representation recognized in Faretta does not extend to the initial appeal as of right. Thus, it is not only indigent appellants who cannot proceed in propria persona, but also those criminal appellants who are ineligible for appointed counsel. The mechanics of appointment and compensation of appellate counsel where a criminal appellant is not entitled to appointed counsel but refuses to retain private counsel is not before us and we do not address the issue.
[17] We also do not address whether there is a right of self-representation by a criminal defendant at the level of discretionary appellate review. That issue is not before us. We simply hold a criminal defendant has no right of self-representation on the initial appeal.