John GREEN *v.* STATE of Arkansas

CR 82-104                                    639 S.W.2d 512

Supreme Court of Arkansas
Opinion delivered October 4, 1982

Appellant, *pro se.*

No response by State.

PER CURIAM. On May 12, 1982, we appointed Gary
Burbank to represent John Green on appeal. Green then

filed the motion which is now before us to proceed pro se and for permission to file a handwritten brief on appeal.

It has been the practice of this Court to require all appellants, including those acting pro se, to comply with the rules of the Supreme Court and Court of Appeals. Green asserts in his motion that he cannot comply with Rule 8 which provides that all briefs on direct appeal must be printed or typed. Supreme Court Rule 8, Ark. Stat. Ann. Vol. 3A (Supp. 1981). He states that he does not have access to a typewriter where he is incarcerated.

As an indigent Green has the right to appointment of counsel on appeal. *Douglas* v. *California,* 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed.2d 811, reh. den., 373 U.S. 905, 83 S. Ct. 1288, 10 L.Ed.2d 200 (1963). We have afforded him that right. In an affidavit filed with his motion, Green avers that he is aware of this right and its advantages but nevertheless wishes to waive the services of an attorney. We would, of course, grant Green's motion to proceed pro se but he has stated specifically in his motion that he cannot represent himself unless this Court waives its procedural rules in his case which require at least typewritten briefs. In a per curiam opinion dated March 2, 1981, we adopted a change in our rules to permit typewritten briefs in lieu of printed briefs just so indigents would not be denied a right of review.

All state and federal courts have adopted rules for the administration of justice. The rules of an appellate court are intended to expedite the court's consideration of matters presented to it. The prompt and orderly disposition of cases depends in part on standards which control the content, length and form of the appeal brief. A brief on direct appeal is unlike a petition for postconviction relief or other motion which we accept in handwritten form if legible. The appellant's brief must contain a complete abstract of the record as well as a statement of the case, points for reversal and argument. Copies of the brief must be filed with the Court since the entire Court must read the brief. Deciphering a handwritten brief is time-consuming and impedes the appellate process. If we permit this litigant to file a handwritten brief then we might as well void our rule which

is a minimum inconvenience to any party. It must be emphasized that we are not denying Green's right to appeal, only the request that he be allowed to do it his way. He has been offered competent counsel to prepare and submit his brief, an offer he has refused.

A criminal appellant is presented the choice of proceeding with or without an attorney. For those who want an attorney but cannot afford one, counsel is appointed. With the choice of proceeding pro se goes the responsibility of being aware of and complying with procedural rules. A pro se appellant is not in a position superior to other appellants. It is no more a denial of due process for an appellate court to require pro se briefs to be typed than it is for a trial court to require pro se defendants to conduct themselves according to the rules pertaining to trial. There is no constitutional right to file a handwritten brief. If a pro se appellant cannot for some reason use or obtain the use of a typewriter, then he should consider allowing an attorney to perfect the appeal.

Since appellant has specifically stated that he cannot comply with Supreme Court Rule 8, his motion to proceed pro se is denied. Mr. Burbank will remain as appellate counsel, and the appellant's brief will be due 40 days from the date of this opinion.

Motion denied.

PURTLE, J., dissents.