Ricky D. LONG *v.* STATE of Arkansas

660 S.W.2d 912

Supreme Court of Arkansas
Opinion delivered November 21, 1983

Appellant, *pro se.*

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Deputy Atty. Gen., for appellee.

PER CURIAM. On October 31, 1983, we granted appellant's *pro se* motion for belated appeal and directed attorney John Kearney to continue to represent the appellant in the appeal of two convictions. Appellant now asks that Mr. Kearney be relieved as counsel so that he may represent himself on appeal. He also asks for a copy of the records in the cases and for this Court to order the Department of Correction to allow him the use of a typewriter to prepare his briefs.

The motion is denied. Ordinarily, when an appellant makes an intelligent waiver of his right to counsel on appeal and requests permission to proceed *pro se,* he is allowed to do so. In appellant's case, however, it appears that he cannot comply with our rule which requires briefs to be type-

written, unless we direct the Department of Correction to provide him with a typewriter, which we decline to do. This Court will not interfere with the policies or operation of the Department of Correction. As we said in *Green* v. *State,* 277 Ark. 129, 131, 639 S.W.2d 512 (1982):

> A criminal appellant is presented the choice of proceeding with or without an attorney. For those who want an attorney but cannot afford one, counsel is appointed. With the choice of proceeding *pro se* goes the responsibility of being aware of and complying with procedural rules. A *pro se* appellant is not in a position superior to other appellants. It is no more a denial of due process for an appellate court to require *pro se* briefs to be typed than it is for a trial court to require *pro se* defendants to conduct themselves according to the rules pertaining to trial. There is no constitutional right to file a handwritten brief. If a *pro se* appellant cannot for some reason use or obtain the use of a typewriter, then he should consider allowing an attorney to perfect the appeal.

Appellant, like all other appellants, must conform to the rules of this Court. If he can state in a subsequent motion for permission to proceed *pro se* that he can conform to those rules, Mr. Kearney will be relieved as counsel and appellant will be allowed to represent himself.

Motion denied.