Allan W. VIRGIN *v.* LOCKHART, Director, Arkansas
Department of Correction

85-283                                                           702 S.W.2d 9

Supreme Court of Arkansas
Opinion delivered January 21, 1986

Appellant, *pro se.*

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant who is an inmate of the Arkansas Department of Correction sought a writ of mandamus from the circuit court to compel the Department to reassess his parole eligibility status. The circuit court denied the petition and the record has now been lodged on appeal. We denied appellant's first motion for appointment of counsel in this appeal because he stated no grounds. He has filed a motion to reconsider, contending that he has a right to counsel.

In criminal cases the accused has a constitutional right to counsel at trial. There is no corresponding right to counsel in a postconviction proceeding, *Dyer* v. *State*, 258 Ark. 494, 527 S.W.2d 622 (1975), or in a civil action. *See Peterson* v. *Nadler*, 452 F.2d 754 (8th Cir. 1971); *see also Johnson* v. *Teasdale*, 456 F. Supp. 1083 (W. D. Mo. 1978). Since a petition for writ of mandamus challenging the computation of parole eligibility is a civil action, neither the circuit court nor this Court is obligated to provide an attorney to perfect an appeal if the petition is denied.

In those cases where the appellant is able to make a substantial showing that he is entitled to relief and that he cannot

proceed without counsel, however, we will appoint an attorney on appeal. Appellant here has not established that the circumstances of his case require appointment of counsel.

Motion denied.

PURTLE, J., not participating.