Clarence GAY *v.* STATE of Arkansas

CR 86-89                                                713 S.W.2d 232

Supreme Court of Arkansas
Opinion delivered June 9, 1986

Appellant, *pro se.*

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. On April 21, 1986 we granted appellant Clarence Gay permission to proceed with a belated appeal of his 1984 conviction for rape. We said that Joe Villines, the attorney who had represented Gay at trial, would continue to represent him on appeal. The record has been lodged with this Court and counsel's brief is scheduled to be filed June 28. Appellant now asks that Villines be relieved as counsel and he be permitted to proceed without the services of an attorney.

An appellant will be granted the right to proceed *pro se* if he agrees to abide by the rules of this Court. *Green v. State*, 277 Ark. 129, 639 S.W.2d 512 (1982); *see also Faretta v. California*, 422 U.S. 806 (1975). Appellant states that he will proceed with the appeal "nicely, as possible, and abide by all court rules," but he does not indicate whether he can submit a typewritten brief as

required by the rules. He also has not submitted an affidavit refusing services of an attorney on appeal in accordance with our Rule 8(d).

A criminal appellant is entitled to an attorney on appeal. If he elects to forgo the services of counsel, it is imperative that he do so intelligently and with full knowledge of his responsibilities. Since it is not clear from appellant's motion that he is making an intelligent waiver of his right to counsel, his motion will be denied until such time as he files a subsequent motion in which he states that he can abide by the rules of procedure, including the rule that all briefs be typewritten. He must further attach to the motion an affidavit refusing services of an attorney on appeal. When the brief is filed, he must submit an affidavit verifying that he prepared the brief without the paid assistance of any inmate. Ark. Sup. Ct. R. 8(d).

Motion denied.

PURTLE, J., would grant.