Daniel Ray HOWARD, Roosevelt Abernathy, and Elgie
Sanders *v.* A.L. LOCKHART, Director, Arkansas
Department of Correction

89-216, 89-94, 89-83                    777 S.W.2d 223

Supreme Court of Arkansas
Opinion delivered October 9, 1989

*Appellants*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen. and *David B. Eberhard*, Asst. Att'y Gen., for appellee.

PER CURIAM. These cases are consolidated, inasmuch as they have common characteristics. All are civil in nature, all are governed by the rule announced in *Virgin* v. *Lockhart*, 288 Ark. 92, 702 S.W.2d 9 (1986), and *Glick* v. *Lockhart*, 288 Ark. 417, 706 S.W.2d 178 (1986), and all reflect the same defect.

Roosevelt Abernathy, acting pro se, petitions for the appointment of counsel to assist him in his appeal from an order of the Jefferson Circuit Court and for permission to file a handwritten brief. Daniel Ray Howard and Elgie Sanders petition for permission to file handwritten briefs in their cases.

In *Virgin* v. *Lockhart, supra*, we pointed out that in criminal cases an accused has a constitutional right to counsel, but that there is no corresponding right to counsel in post-conviction proceedings or in civil actions. *Dyer* v. *State*, 258 Ark. 494, 527 S.W.2d 672 (1975); *Peterson* v. *Nadler*, 452 F.2d 754 (8th Cir. 1971); *see Johnson* v. *Teasdale*, 456 F. Supp. 1083 (W.D. Mo. 1978). Hence, in none of the proceedings filed here or in circuit court by these petitioners is there any constitutional right to the relief being sought. We have held, however, that if a petitioner is able to make a substantial showing that he is entitled to relief and that he or she cannot proceed without counsel, we will entertain such petition. We have adopted a similar policy with respect to handwritten briefs by pro se petitioners. *Glick* v. *Lockhart, supra*.

None of the petitioners has made any attempt to comply with the policies announced in *Virgin* and *Glick*. Of the three, only Roosevelt Abernathy's petition contains an allegation touching on the merits, and that consists of nothing more than a conclusory allegation that the petition's cause has merit. Conclusory assertions of merit, however artfully phrased, do not meet the requirements of *Virgin* and *Glick*. It is essential that such petitions set forth facts upon which the claim or cause is based in such a manner that it can be objectively determined by the court that there is substantial merit in the cause which petitioner seeks to further.

These petitioners having failed to make any showing of merit, their petitions are denied.

JOHN I. PURTLE, Justice, dissenting. In a nicely worded opinion this court has this day denied appellant Daniel Ray Howard's petition to file handwritten briefs. His motion for appointment of counsel to represent him in this appeal had been previously denied. His "right" to appeal is therefore rendered to the status of a worthless piece of paper.

In *Long* v. *State*, 281 Ark. 40, 660 S.W.2d 912 (1983), a prisoner requested that this court dismiss his appointed attorney and allow him to file a pro se brief. We denied the motion and quoted the following language from *Green* v. *State*, 277 Ark. 129, 639 S.W.2d 512 (1982):

> A criminal appellant is presented the choice of proceeding with or without an attorney. For those who want an attorney but cannot afford one, counsel is appointed. . . . There is no constitutional right to file a handwritten brief. If a *pro se* appellant cannot for some reason use or obtain the use of a typewriter, then he should consider allowing an attorney to perfect the appeal.

No authority need be cited for the self-evident proposition that a prisoner who is allowed to proceed *pro se* cannot possibly follow the rules of the court requiring typewritten briefs. Clearly, in the present case and similar ones, it is a denial of due process to refuse to allow handwritten briefs to be filed. In the alternative, we could order that the briefs be transcribed at state expense. Otherwise, the petitioner is not afforded equal protection of the laws.

I see no need for a distinction between civil and criminal appeals when they involve residents of the Arkansas Department of Correction.

Petitioner Roosevelt Abernathy filed a notice of appeal from the decision of the Jefferson County Circuit Court and requested this court to appoint counsel. His petition was also denied by this court. The petitioner, an indigent, made the request *pro se*. He states that he lacks the skills and capabilities necessary to properly present the issues before this court. We will never know whether he has been denied justice. The petition should be

granted.

The court today also denied Elgie Sanders's motion for extension of time and for permission to file handwritten briefs on appeal. Had an attorney made the same request, we would, no doubt, have granted it. Why then should a reasonable request be denied one who represents himself? Considering the number of residents in the Arkansas Department of Correction, it would be impossible to provide all of them the use of a typewriter and a full library. Neither are the residents afforded secretarial services.

The only way the appellants can obtain review is for this court to allow them to file handwritten briefs or to appoint attorneys for them.