STATE of Arkansas *v.* Larry VAN PELT

CR 90-275                                    810 S.W.2d 27

Supreme Court of Arkansas
Opinion delivered March 25, 1991

126

*Appellant*, pro se.

*Paul N. Ford*, for appellee.

■ PER CURIAM. The appellant Larry Van Pelt was convicted of capital murder and sentenced to life imprisonment without parole. His attorneys Paul Ford and Kyle Hunter filed a timely notice of appeal in August 1990 and lodged the transcript with this court. On December 21, 1990, this court granted counsels' motion for an extension of time to file the appellant's brief, making the brief due for filing February 7, 1991. On January 24, 1991, the appellant Van Pelt tendered a *pro se* motion for permission to file a handwritten brief in the case. On February 1, 1991, appellant requested permission to proceed *pro se* on appeal. On March 4, 1991, counsel filed a motion asking to be permitted to withdraw as counsel. Both counsel and the appellant note that the trial court entered an order in December, well after the notice of appeal was filed, stating that the appellant had expressed the desire that counsel be discharged from the case. The trial court concluded that counsel were obligated to continue as attorneys-of-record in an advisory capacity until such time as appellant hired a new attorney. This order does not appear in the Table of Contents to the record lodged on appeal; but even if such

a order were filed, it would have no effect since it was filed after the notice of appeal. Supreme Court Rule 11(h) provides that once a notice of appeal is filed motions to be relieved as counsel must be addressed to this court.

A defendant in a criminal trial has the right under the sixth amendment to represent himself when he voluntarily and intelligently elects to do so. *Faretta* v. *California*, 422 U.S. 806 (1975). A criminal appellant pursing a first appeal as a matter of right may avail himself of the right to self representation provided that he makes the same voluntary and intelligent waiver of counsel that a defendant at trial is required to make. *See* Supreme Court Rule 8(d); *see also Evitts* v. *Lucey*, 469 U.S. 387 (1985). To enter a voluntary and intelligent waiver, the appellant must indicate in his motion to proceed *pro se* that at the least he is aware of the right to counsel and that he understands the advantages of being represented by counsel and the disadvantages of self-representation. It is the practice of this court to require an affidavit signed by the appellant who desires to proceed *pro se* which specifically sets out the waiver of right to counsel. If the appellant is incarcerated, the affidavit must bear the signature of the Attorney for Inmates attesting that the attorney has advised the appellant of the right to counsel and the advantages of counsel's assistance and that appellant has elected to refuse the services of an attorney on appeal. *See Gay* v. *State*, 289 Ark. 236, 713 S.W.2d 232 (1986).

The *pro se* appellant should be aware before he elects to proceed *pro se* that *pro se* appellants receive no special consideration of their argument and are held to the same standard for brief form as a licensed attorney. *See Wade* v. *State*, 288 Ark. 94, 702 S.W.2d 28 (1986).[1] The *pro se* appellant cannot later claim that he was denied effective assistance of counsel. *Faretta*, 422 U.S. 806.

The motion filed by the appellant here contains no statement that he is fully aware of his right to representation by

---

[1] A brief which is not in proper form is subject to being stricken pursuant to Supreme Court Rule 9. The *pro se* handwritten brief which has been tendered to this court by appellant lacks a jurisdictional statement, statement of the case, a statement of points and authorities, and an abstract or appendix.

counsel and the advantages of such representation. Furthermore, no affidavit has been received from him pertaining to waiver of counsel. Since it cannot be ascertained from appellant's motion if he has made an intelligent waiver of his right to counsel, his motion will be denied until such time as he files a subsequent motion in which he states that he can abide by the rules of procedure, including the rules which govern brief form. He must further attach to the motion an affidavit refusing services of an attorney on appeal. *Gay*, 289 Ark. 236, 713 S.W.2d 232 (1986).

Because appellant has not made a proper waiver of his right to counsel, the motion to relieve the attorneys appointed in this case is denied. We direct counsel to submit an appellant's brief in the manner described in our Rule 11(g), and we extend the time for filing the appellant's initial brief with the clerk's office to April 22, 1991. Upon filing the brief (and reply brief, if any), counsel may submit their requests for attorney's fees and costs if any.

Motions denied.