Irwin GIDRON *v.* STATE of Arkansas

CR 92-1388 850 S.W.2d 331

Supreme Court of Arkansas
Opinion delivered April 5, 1993

 

*Appellant* pro se.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

PER CURIAM. On March 26, 1990, a Judgment was entered in the Circuit Court of Crittenden County reflecting that the appellant Irwin Gidron had been found guilty by a jury of battery in the second degree and murder in the second degree. He was sentenced to consecutive terms of six and twenty years imprisonment. On February 8, 1993, this court by Per Curiam Order directed Gidron's court-appointed attorney at trial, Davis Loftin, to appear to show cause why he should not be held in contempt of this court for failure to perfect an appeal in the case. While pleading not guilty to being in contempt of this court for failure to perfect the appeal, Loftin agreed to file the record and the appellant's brief. The issue of whether a finding of contempt is appropriate under the circumstances was deferred until the case was concluded on its merits. *Gidron* v. *State*, CR 92-1388 (March 1, 1993). Gidron has now filed a motion asking that Loftin be relieved as counsel because of his failure to perfect the appeal and further that he be held in contempt and suffer the "most harsh penalty" for placing Gidron under emotional stress. Gidron further requests that this court allow him to file his own arguments. It is not clear whether Gidron is asking to proceed *pro se* on appeal or asking permission to supplement whatever arguments are raised by counsel in the case.

██ The motion to relieve Loftin is denied. The fact that counsel may not have perfected the appeal in this case in a timely manner does not in itself demonstrate that he is unable to provide effective assistance of counsel on appeal.

██ Gidron's request that he be allowed to make his own arguments to this court is also denied. If he is asking to supplement the brief filed in his behalf by counsel in this court, he has not established that the brief is deficient. An appellant is not permitted to supplement a brief filed by counsel unless he clearly shows that counsel's brief is lacking. *Wade* v. *State*, 288 Ark. 94, 702 S.W.2d 28 (1986). Appellant has not made such a showing.

 If appellant Gidron is requesting permission to pro-

ceed *pro se* in the appeal, he has not demonstrated that he is entitled to self-representation under the criteria set out by this court in *State* v. *Van Pelt*, 305 Ark. 125, 806 S.W.2d 627 (1991). We recognized in *Van Pelt*, that a defendant in a criminal trial has the right under the sixth amendment to represent himself when he voluntarily and intelligently elects to do so. *Faretta* v. *California*, 422 U.S. 806 (1975). We further held that a criminal appellant pursuing a first appeal as a matter of right may avail himself of the right to self-representation provided that he makes the same voluntary and intelligent waiver of counsel that a defendant at trial is required to make. *See* Supreme Court Rule 8(d); *see also Evitts* v. *Lucey*, 469 U.S. 387 (1985). To enter a voluntary and intelligent waiver, the appellant must indicate in his motion to proceed *pro se* that at the least he is aware of the right to counsel and that he understands the advantages of being represented by counsel and the disadvantages of self-representation.

It is the practice of this court to require an affidavit signed by the appellant who desires to proceed *pro se* which specifically sets out the waiver of right to counsel. If the appellant is incarcerated, the affidavit must bear the signature of the Attorney for Inmates attesting that the attorney has advised the appellant of the right to counsel and the advantages of counsel's assistance and that appellant has elected to refuse the services of attorney on appeal. *See Gay* v. *State*, 289 Ark. 236, 713 S.W.2d 232 (1986).

The *pro se* appellant should be aware before he elects to proceed *pro se* that *pro se* appellants receive no special consideration of their argument and are held to the same standard for brief form as a licensed attorney. *Wade* v. *State*, 288 Ark. 94, 702 S.W.2d 28 (1986) (fn 1). The *pro se* appellant cannot later claim that he was denied effective assistance of counsel. *Faretta* v. *California*, 422 U.S. 806 (1975).

The motion filed by Gidron contains no statement that he is fully aware of his right to representation by counsel and the disadvantages of self-representation. Furthermore, no affidavit has been received from him pertaining to waiver of counsel. Since it cannot be ascertained from appellant's motion if he has made an intelligent waiver of his right to counsel, or even if he is indeed

requesting to proceed without the services of counsel, his request is denied.

Motion denied.