# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
February 2000 Session
## JERRY HARDCASTLE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sumner County**
**No. 58-1999     Jane Wheatcraft, Judge**

---

**No. M1999-00598-CCA-R3-PC  - Filed August 10, 2000**

---

On April 28, 1998, the petitioner, Jerry Hardcastle, was convicted in the Sumner County General Sessions Court of assault.  On January 21, 1999, he filed a petition for post-conviction relief in the Sumner County Criminal Court.  Subsequently, the criminal court appointed counsel in the petitioner's case, and counsel filed an amended petition on February 26, 1999.  The petitioner asserted the following grounds for relief in the court below: (1) the petitioner did not knowingly and intelligently waive his constitutional right to representation by counsel; (2) the trial court denied the petitioner due process by refusing to grant the petitioner a continuance of his trial for the purpose of procuring witnesses on his behalf; and (3) the trial court denied the petitioner his constitutional right to testify at his trial.  Following an evidentiary hearing, the criminal court denied the petitioner post-conviction relief, and the petitioner now challenges the court's judgment.  Following a review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES AND JERRY L. SMITH, J J., joined.

David A. Simpson, Gallatin, Tennessee, for the appellant, Jerry Hardcastle.

Paul G. Summers, Attorney General and Reporter, Marvin E. Clements, Jr., Assistant Attorney General, and Cara Loeffler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Jerry Hardcastle, appeals the Sumner County Criminal Court's dismissal of his petition for post-conviction relief from his 1998 conviction of assault.  In this appeal, as in the post-conviction court, the petitioner alleges the following grounds for relief:  (1) the petitioner did not knowingly and intelligently waive his constitutional right to representation by counsel; (2) the trial court denied the petitioner due process by refusing to grant the petitioner a continuance of his trial for the purpose of procuring witnesses on his behalf; and (3) the trial court denied the petitioner his constitutional right to testify at his trial.  The State responds that the petitioner failed to appeal his conviction of assault and, accordingly, has waived the above grounds for relief pursuant to Tenn. Code Ann. § 40-30-206(g) (1997).  In any event, the State asserts that

the petitioner failed to prove his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997).

## I. Factual Background

On April 28, 1998, the petitioner was convicted in the Sumner County General Sessions Court of assault and sentenced to eleven (11) months and twenty-nine (29) days incarceration in the Sumner County Jail. The court suspended all but forty-eight (48) hours of the petitioner's sentence. The record of this conviction includes the arrest warrant, upon which the trial court entered the judgment of conviction. Several written waivers, signed by the petitioner, also appear on the face of the warrant, including a waiver of his right to counsel.

Immediately following the petitioner's conviction of assault, the general sessions court held the petitioner in contempt of court due to the petitioner's disruptive behavior in the courtroom. For this offense, the court sentenced the petitioner to ten days incarceration in the Sumner County Jail and imposed a fine of fifty dollars ($50). Moreover, due to the petitioner's conviction of assault, his parole in another case was subsequently revoked, and the petitioner was incarcerated in the Tennessee Department of Correction.

The petitioner failed to appeal his conviction of assault as provided in Tenn. Code Ann. § 27-5-108 (1980). Instead, on January 21, 1999, the petitioner filed the instant petition for post-conviction relief in the Sumner County Criminal Court.[1] The post-conviction court appointed counsel, who amended the petition for post-conviction relief on February 26, 1999. The court conducted an evidentiary hearing on June 3 and 10, 1999.

At the post-conviction hearing, the petitioner testified on his own behalf. He recalled that the incident underlying his conviction of assault occurred on April 17, 1998. His trial in the Sumner County General Sessions Court occurred on April 28, 1998. The petitioner explained that he did not retain an attorney during the intervening days, because he "didn't know what was going on until . . . [he] went to court." Instead, the petitioner spoke with potential witnesses about the possibility of testifying on his behalf, confirming that these witnesses would testify at his trial if subpoenaed by the petitioner. The petitioner did not seek the issuance of subpoenas, however, because he was informed by an officer with the Sumner County Sheriff's Department that he should wait until his scheduled court hearing. He conceded that he did not attempt to contact the General Sessions Court Clerk's Office concerning the subpoena process.

On April 28, 1998, the petitioner attended general sessions court, arriving early. The presiding judge was Judge John Wesley Jones. According to the petitioner, when Judge Jones arrived, he inquired whether anyone had any preliminary business with the court and then, without any additional announcements, began calling cases on the docket. The petitioner's case was one of the last cases on the docket. During his wait, the petitioner observed several defendants plead "not

---

[1] The caption of the petition for post-conviction relief in this case suggests that the petition was originally filed in the Sumner County General Sessions Court. However, in accordance with Tenn. Code Ann. § 40-30-204(a) (1997), post-conviction proceedings were conducted in the Sumner County Criminal Court.

guilty" and request a continuance for the purpose of obtaining an attorney.

When Judge Jones finally called the petitioner's case, the petitioner merely informed the judge that he intended to plead "not guilty" to the charge of assault. The petitioner recalled that he then "signed a thing so Judge Jones could hear the case." The petitioner denied waiving his right to counsel, although he acknowledged his signature on the written waiver of his right to counsel. He explained that he did not read the written waiver on the day of his trial because he suffers from cataracts in both eyes. Moreover, according to the petitioner, no one explained to him that, by signing the document in question, he was waiving his right to counsel. The petitioner conceded that he never requested counsel but asserted, "I didn't know I had to ask for one. I had always been offered in the past."

After the petitioner signed the document, Judge Jones administered an oath to the victim in the petitioner's case, and she testified concerning the petitioner's assault. Following the victim's testimony, the judge inquired whether the petitioner wished to present any proof. At this point, the petitioner asked Judge Jones to subpoena several witnesses on his behalf. According to the petitioner, the judge refused to subpoena the witnesses and did not afford the petitioner an opportunity to testify. Rather, he pronounced the petitioner guilty of assault and imposed a sentence.

The petitioner recalled that, following his conviction, he may "have said some cuss words . . . . I was pretty upset, being found guilty of something I didn't do." However, the petitioner claimed that he only "cussed" outside the courtroom, and he denied directing any derogatory remarks toward Judge Jones. The petitioner asserted that the judge held him in contempt of court because he asked the court to subpoena witnesses on his behalf.

In response to questioning by the State and the post-conviction court, the petitioner additionally explained his failure to appeal his conviction of assault:

> . . . I was going to. I kept telling [the judge] I wasn't guilty and wanted to call witnesses. He found me in contempt and gave me 10 days. He told me I had 10 working days to appeal it. When I got out, I went to the clerk's office, and she told me I had went too late. I was locked up 10 days. And she said it was not 10 working days but 10 days. I was told, down there at the county jail, I was told I had 10 working days to file an appeal. He had set my bond on the appeal at . . . [$50,000]. I could not appeal - - until I served the 10 days out, I couldn't appeal it.
>
> * * *
>
> I knew if I tried to appeal it then, I would be stuck in there until, I think he said, June 12th, when the appeals come to you, ma'am. And I knew I couldn't afford to pay no $5,000 on a misdemeanor I wasn't supposed to be in jail to start with. I waited until I did my 10 days, went straight to the clerk's office. When I got out, I went straight to the clerk's office. They told me it was 10 actual days, not 10 working days.

Finally, the petitioner testified that he possesses a General Educational Development ("GED") diploma and can read and write. The petitioner also testified that, at the time of his trial for assault, he had participated in several preliminary hearings in general sessions court. Moreover, he had previously pled guilty to aggravated burglary. The petitioner acknowledged that, in his aggravated burglary case, he was represented by counsel, who fully explained to the petitioner his constitutional rights, including his right to counsel and his right to appeal any conviction.

The petitioner also presented the testimony of Jason Graves, an officer of the Westmoreland Police Department. Officer Graves testified that he was one of the officers dispatched to the scene of the petitioner's 1998 assault. Officer Graves stated that he did not arrest the petitioner, because, "after talking to everybody," the officer did not believe that he possessed probable cause. Officer Graves further recalled that the petitioner spoke with him following the assault about testifying at the petitioner's trial. The officer could not recall any discussion with the petitioner concerning the subpoena process.

The State presented the testimony of Judge John Wesley Jones. Judge Jones stated that he presided over the Sumner County General Sessions Court and remembered the petitioner "rather vividly." Judge Jones recounted that, on the day of the petitioner's trial for assault, the docket included only those cases in which a criminal complaint had been filed by a private citizen. According to Judge Jones, neither the district attorney general's office nor the public defender's office usually sends a representative to court for this particular docket. Therefore,

> what I do is, when I call the docket, I advise everybody that if they have an attorney, the attorney will answer the docket call for them. If they do not have an attorney, they will be required to enter a plea, either guilty or not guilty as the case may be; and if there was anybody who has not had an opportunity to retain an attorney and wished to request a continuance to do so that they should not enter any plea, but merely state their request for a continuance.

Judge Jones recalled that, on April 28, 1998, when he called the petitioner's case, the petitioner did not request a continuance but merely entered a plea of "not guilty." However, the court's probation officer was familiar with the petitioner and provided information to the court concerning the petitioner. Upon receiving this information, Judge Jones asked the petitioner if he wanted an attorney. The judge explained:

> I inquired of Mr. Hardcastle if he wanted an attorney and told him in the event he was convicted he may - - some jail time might be assessed. I wanted to make sure that he understood he had a right to an attorney.
>
> This is somewhat unusual, but, as I said, this was based upon information that was made available to me.
>
> Mr. Hardcastle was adamant that he did not want an attorney; he didn't need an attorney; he was not guilty, so why would he need an

-4-

attorney. At no time did he say anything about continuing the case or requesting a continuance.

Judge Jones also testified that the petitioner signed a written waiver of his right to counsel. With respect to this written waiver, the judge emphasized that he

did a little bit more that I do with most persons in terms of having him sign this waiver. I advised him very specifically about his right to an attorney, and he was waiving that right along with the right to a trial by jury, presentment, or indictment in order to permit me to try the case. And it was signed on that basis.

Following the petitioner's waiver of his rights, Judge Jones administered an oath to the prosecutrix, the victim of the petitioner's assault, and allowed her to testify. Following the victim's testimony, the judge afforded the petitioner an opportunity to cross-examine her and present testimony on his own behalf. At this point, the petitioner indicated that he wished to subpoena witnesses. Judge Jones recalled that he refused to interrupt the trial mid-course but informed the petitioner that he could testify on his own behalf. The petitioner responded that "he was not there; . . . [the victim] was a liar; he didn't do this, and she was just trying to get him into trouble." The petitioner then reiterated his request that the judge subpoena witnesses on his behalf and otherwise declined to present further testimony. Judge Jones pronounced the petitioner guilty and imposed a sentence.

Following his conviction, the petitioner "berate[ed] . . . [the judge] and the criminal justice system" and "was rather profane and loud in the courtroom." Judge Jones warned the petitioner that, if he persisted in his conduct, he would be held in contempt of court. The petitioner responded that he intended to appeal his conviction. The judge then set an appeal bond in the amount of one thousand dollars ($1,000). However, the petitioner continued to be disruptive, and the judge raised the petitioner's appeal bond to ten thousand dollars ($10,000) and ordered the petitioner's removal from the courtroom. Sometime later, the petitioner returned to the courtroom, and Judge Jones "advised . . . [the petitioner] again of his rights specifically." The judge also held the petitioner in contempt of court and sentenced the petitioner to ten days incarceration in the Sumner County Jail. Following the petitioner's second departure from the courtroom, Judge Jones sent his administrative assistant to the jail to ensure that the petitioner was aware of the amount of his appeal bond and was aware of the ten-day time limitation on filing an appeal.

Judy Wilson, Judge Jones' administrative assistant, also testified on behalf of the State at the post-conviction evidentiary hearing. According to Ms. Wilson, she met with the petitioner in the jail on the day of his conviction of assault. At this time, a court clerk explained the appeals process to the petitioner, including the applicable time limitation. Ms. Wilson recalled, "[The clerk] explained that you sign the appeal bond. You sign the notice of appeal. . . . She . . . explained . . . what you have to do, what he could do, how long he had." The petitioner was again disruptive and screamed obscenities at the clerk.

Following the post-conviction evidentiary hearing, on June 17, 1999, the post-conviction court denied the petitioner post-conviction relief. In denying relief, the court made the

-5-

following findings of fact:

(1) The petitioner was allowed, and in fact did, testify at his trial.

(2) Petitioner was not misinformed about any subpoena procedures by the police; he was afforded the opportunity to continue his case for that purpose prior to the inception of the trial and elected not to avail himself of that opportunity; and

(3) Petitioner knowingly and intelligently waived his right to counsel.

## II. Analysis

We initially address the State's contention that, pursuant to Tenn. Code Ann. § 40-30-206(g), the petitioner waived his grounds for relief in these post-conviction proceedings by failing to appeal his conviction of assault. Under the 1995 Post-Conviction Procedure Act, "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . . ." Id. See also Tenn. Code Ann. § 40-30-210(f). We note that the State did not explicitly raise the issue of waiver in the post-conviction court, see Tenn. Sup. Ct. R. 28 §5(G)(2), although the State and the court questioned the petitioner concerning his failure to appeal his conviction of assault, and the State presented testimony relating to this issue. In any event, the 1995 Post-Conviction Procedure Act imposes an affirmative duty upon the post-conviction court to examine the allegations in a petition for post-conviction relief and determine whether the allegations have been waived. Tenn. Code Ann. § 40-30-206(f). "[A] petition for post-conviction relief does not present a colorable claim for relief and is subject to dismissal without a hearing, unless it alleges facts showing the grounds asserted for relief were not previously waived in a prior proceeding in which they could have been presented." Fowler v. State, No. 03C01-9711-CR-00509, 1999 WL 552938, at *6 (Tenn. Crim. App. at Knoxville, July 30, 1999), perm. to appeal denied, (Tenn. 1999); Tenn. Sup. Ct. R. 28 §5(F)(4).

Nowhere in the instant petition for post-conviction relief or the amendment thereto did the petitioner set forth facts explaining why he did not address his grounds for relief in a direct appeal to the Sumner County Criminal Court pursuant to Tenn. Code Ann. § 27-5-108. However, as previously noted, the petitioner explained at the post-conviction evidentiary hearing that the trial court and an unidentified person at the jail misinformed him concerning the ten-day time limitation applicable to an appeal in his case. According to the petitioner, he was informed that, contrary to Tenn. Code Ann. § 1-3-102 (1994), he must file a notice of appeal within ten "working days." The petitioner asserted that, in reliance upon this erroneous information, he waited too long to file his notice of appeal.

Contrary to the petitioner's testimony, Judge Jones' testimony indicates that he did not personally advise the petitioner concerning the ten-day time limitation but instead asked his administrative assistant to ensure that the petitioner was aware of the applicable time limitation. Ms. Wilson, Judge Jones' administrative assistant, testified that the clerk's office fully explained the appeals process, including the applicable time limitation, to the petitioner at the jail. Ms. Wilson did not, however, testify specifically concerning the information provided to the petitioner by the clerk's office.

-6-

An exception to the rule of waiver occurs when the failure to present a ground for relief was the result of state action in violation of the federal or state constitution. Tenn. Code Ann. § 40-30-206(g)(2). However, despite its affirmative duty under Tenn. Code Ann. § 40-30-206(f), the post-conviction court did not address the issue of waiver or the possible application of this exception in the petitioner's case, nor did the court resolve the underlying question of fact. Moreover, although the petitioner's explanation for his failure to appeal constitutes a claim that he was denied his right to appeal in violation of principles of due process, the petitioner did not request a delayed appeal pursuant to Tenn. Code Ann. § 40-30-213 (1997) and does not request one now.

Notwithstanding the parties' and the post-conviction court's failure to fully address the lack of any direct appeal in this case, the determination of the waiver issue does not turn on the resolution of the question of fact raised by the petitioner's explanation for that omission. Cf. Coons v. State, No. 01C01-9801-CR-00014, 1999 WL 275009, at **7-8 (Tenn. Crim. App. at Nashville, May 6, 1999)(Tipton, J., concurring)(under the 1995 Act, if the running of the post-conviction statute of limitations was not raised in the trial court *and* the petitioner has had no opportunity to resolve any questions of fact, the State should be barred from raising the issue for the first time on appeal). Even assuming that either Judge Jones or the General Sessions Court Clerk's Office inadvertently misinformed the petitioner concerning the ten-day time limitation applicable to an appeal in this case,[2] we conclude that the petitioner's failure to timely file a notice of appeal was ultimately a function of his decision to forego counsel and neither precludes waiver nor warrants a delayed appeal. A defendant's exercise of his right to self-representation does not excuse compliance with relevant rules of procedural and substantive law. Faretta v. California, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2541 n. 46 (1975). See also McKaskle v. Wiggins, 465 U.S. 168, 183-184, 104 S.Ct. 944, 954 (1984). In other words, a pro se defendant will be held to the same standard as a licensed attorney. See, e.g., Green v. State, 639 S.W.2d 512, 513 (Ark. 1982); People v. Bolton, 859 P.2d 311, 318 (Colo. App. 1993); Commonwealth v. Jackson, 647 N.E.2d 401, 404-405 (Mass. 1995); State v. DuPaul, 527 N.W.2d 238, 243-244 (N.D. 1995). Tactical and legal errors, which might constitute ineffective assistance of counsel if committed by a licensed attorney, are inherent in the risk assumed by a criminal defendant who chooses to proceed pro se. Jackson, 647 N.E.2d at 404. See also Faretta, 422 U.S. at 834 n. 46, 95 S.Ct. at 2541 n. 46; State v. Small, 988 S.W.2d 671, 673 (Tenn.), cert. denied, __ U.S. __, 120 S.Ct. 216 (1999).

Of course, application of the rule holding a pro se defendant to the same standard as a licensed attorney presupposes a valid waiver of the right to counsel, bringing us necessarily to one of the petitioner's substantive claims. As this court noted in State v. Peters, No. 03C01-9112-CR-00382, 1992 WL 74552, at *2 (Tenn. Crim. App. at Knoxville, April 15, 1992),

> Counsel is required to protect the rights of the accused. The accused goes to trial without counsel. Upon appeal he raises the denial of counsel as a basis for a new trial. Are we to deny relief because the

---

[2]Neither the record nor the petitioner's brief contains any allegation of intentional misconduct. Such misconduct would very likely impair a defendant's right to represent himself in a fair proceeding.

uncounseled appellant did not know he must raise the issue in his motion for new trial? These are things which make the denial of counsel prejudicial and the right to counsel mandatory unless properly waived.

On appeal, as in the court below, the petitioner contends that he did not knowingly and intelligently waive his right to representation by counsel. The exercise of the right to self-representation, guaranteed by both the United States and Tennessee Constitutions, depends in part upon a knowing and intelligent waiver of the right to counsel. State v. Northington, 667 S.W.2d 57, 60 (Tenn. 1984)(citing Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019 (1938), and State v. Burkhart, 541 S.W.2d 365 (Tenn. 1976)); State v. Herrod, 754 S.W.2d 627, 629-630 (Tenn. Crim. App. 1988). Moreover, in Johnson, 304 U.S. at 465, 58 S.Ct. at 1023, the United States Supreme Court observed that, in criminal proceedings in which the accused is without counsel, the constitutional right of an accused to be represented by counsel imposes a duty upon the trial court to determine whether there is a knowing and intelligent waiver by the accused. In Northington, 667 S.W.2d at 60, our supreme court cited with approval the following guidelines set forth in Von Moltke v. Gillies, 332 U.S. 708, 723-724, 68 S.Ct. 316, 323 (1948):

> A judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

Tenn. R. Crim. P. 44, which is applicable to general sessions courts under Tenn. R. Crim. P. 1, similarly provides:

> Every indigent defendant shall be entitled to have counsel assigned in all matters necessary to the defense and at every stage of the proceedings, unless the defendant executes a written waiver. Before accepting such waiver the court shall first advise the accused in open court of the right to the aid of counsel at every stage of the proceedings. The court shall, at the same time, determine whether there has been a competent and intelligent waiver of such right by inquiring into the background, experience and conduct of the accused and such other matters as the court may deem appropriate. Any waiver accepted shall be spread upon the minutes of the court and made a part of the record of the cause.

See also State v. McClintock, 732 S.W.2d 268, 273 (Tenn. 1987). This court has also recommended a litany of questions that a trial court should ask a defendant in fulfilling its duty of ensuring a knowing and intelligent waiver. Smith v. State, 987 S.W.2d 871, 877-878 (Tenn. Crim. App. 1998); Herrod, 754 S.W.2d at 630; State v. Reynolds, No. M1998-00059-CCA-R3-CD, 2000 WL 14702, at *3 (Tenn. Crim. App. at Nashville, January 7, 2000).

That having been said, a trial court's failure to ask the suggested litany of questions or comply with Tenn. R. Crim. P. 44 does not necessarily preclude a constitutionally valid waiver. Fowler, No. 03C01-9711-CR-00509, 1999 WL 552938, at **10-11. Moreover, in post-conviction proceedings, the burden remains upon the petitioner to prove the allegations in his petition by clear and convincing evidence, including any allegation that his waiver of the right to counsel was not knowing and intelligent. Tenn. Code Ann. § 40-30-210(f). On appeal, a finding by a post-conviction court that a petitioner knowingly and intelligently waived his right to counsel is afforded the weight of a jury verdict and is conclusive unless the evidence in the record preponderates against the court's finding. Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999).

As noted previously, the post-conviction court in this case found that the petitioner's waiver of his right to counsel was knowing and intelligent. In light of the particular circumstances of this case, we simply conclude that the petitioner has failed to satisfy his burden of demonstrating otherwise. Because the petitioner knowingly and intelligently waived his right to counsel, he is bound by the consequences of his failure to appeal his conviction, and his remaining grounds for relief are waived pursuant to Tenn. Code Ann. § 40-30-206(g).

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the post-conviction court.

Norma McGee Ogle, Judge

-9-