

Cite as 2014 Ark. 114

# SUPREME COURT OF ARKANSAS

No. CR-12-978

| | | |
|---|---|---|
| ALVIN BIGGS | APPELLANT | **Opinion Delivered** March 13, 2014 |
| V. | | PRO SE MOTION FOR APPOINTMENT OF COUNSEL AND PRO SE APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT [NO. 47CR-01-108] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE RALPH WILSON, JR., JUDGE |
| | | <u>ORDER AFFIRMED; MOTION MOOT</u>. |

## PER CURIAM

In 2001, appellant Alvin Biggs was found guilty by a jury in the Mississippi County Circuit Court, Chickasawba District, of first-degree murder of his stepfather Tommy Clay, and he was sentenced to an aggregate term of 540 months' imprisonment.[1] The Arkansas Court of Appeals affirmed. *Biggs v. State*, CR-02-573 (Ark. App. Feb. 12, 2003) (unpublished) (original docket no. CACR 02-573).

In 2012, appellant filed in the circuit court a pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). In support of the petition, appellant asserted that, although he had confessed to the crime during the investigation, scientific testing

---

[1]Appellant's sentence included a sixty-month enhancement for use of a firearm during the commission of the crime.

SLIP OPINION

would show his actual innocence. Specifically, appellant sought a fingerprint analysis of the murder weapon, a 9mm Ruger pistol as well as a 9mm Ruger magazine. He also contended that, during the investigation, gunshot residue (GSR) tests were performed on Felicia Holliman and Charles Smith, and he sought the results of those tests. In an attempt to rebut the presumption against timeliness of the petition, appellant stated that, since his conviction, he has spent a majority of the time "in one court or another seeking collateral review." The circuit court denied the petition on the grounds that it was untimely and that the pistol and the magazine had been processed for fingerprints prior to trial and no fingerprints of value for comparison were developed.[2] Appellant timely lodged an appeal from the order and subsequently filed a motion for appointment of counsel.

Postconviction matters are considered civil in nature with no absolute right to counsel; nevertheless, we will appoint counsel if an appellant makes a substantial showing that he is entitled to relief in a postconviction appeal and that he cannot proceed without counsel. *Howard v. Lockhart*, 300 Ark. 144, 777 S.W.2d 223 (1989) (per curiam); *Virgin v. Lockhart*, 288 Ark. 92, 702 S.W.2d 9 (1986) (per curiam). Although the motion would have been denied as appellant fails to make a showing of entitlement to counsel, the motion is nevertheless moot because appellant has filed a brief-in-chief and reply brief in the instant appeal without the assistance of appointed counsel.

---

[2]The circuit court entered two orders denying appellant's petition. On September 24, 2012, the circuit court entered an order denying appellant's petition under Arkansas Code Annotated sections 16-112-201 to -208, and on October 15, 2012, the circuit court entered an order denying appellant's petition under sections 16-112-101 to -123 (Repl. 2006). Appellant appeals from the September 24 order.

On appeal, appellant asserts that the circuit court erred in denying his petition without a hearing because the record and files did not conclusively show that the petition was without merit. In appeals of postconviction proceedings, we will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* Arkansas Code Annotated section 16-112-205(a) provides that the court is not required to hold an evidentiary hearing if the petition, files, and records conclusively show that the petitioner is entitled to no relief. Because it is clear from the petition as well as the order denying relief that appellant failed to rebut the presumption against timeliness pursuant to Arkansas Code Annotated section 16-112-202(10)(B), we find no error in the circuit court's order denying the requested relief without a hearing. Accordingly, we affirm.

Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208, in effect on the date that petitioner filed his petition, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *King v. State*, 2013 Ark. 133 (per curiam); *Foster v. State*, 2013 Ark. 61 (per curiam); *Garner v. State*, 2012 Ark. 271 (per curiam) (citing *Strong v. State*, 2010 Ark. 181, 372 S.W.3d 758 (per curiam)). Before a circuit court can order testing under this statute, however, there are a number of predicate requirements that must be met. *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Douthitt*

SLIP OPINION

*v. State*, 366 Ark. 579, 237 S.W.3d 76 (2006) (per curiam); *see* Ark. Code Ann. §§ 16-112-201 to -203.

One of these predicate requirements is that the petition must be filed in a timely fashion. Ark. Code Ann. § 16-112-202(10). In 2005, the statute was amended to include a rebuttable presumption against timeliness for any petition filed more than thirty-six months after the entry of the judgment of conviction. Ark. Code Ann. § 16-112-202(10)(B). This presumption against timeliness may be rebutted by showing (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3) that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; (4) that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) for other good cause. Ark. Code Ann. § 16-112-202(10)(B)(i)–(v).

In the instant case, appellant filed his petition in the circuit court nearly eleven years after the judgment-and-commitment order had been entered of record and approximately six years after section 16-112-202 had been amended to include the 36-month time limitation. In his petition, appellant attempted to rebut the presumption against timeliness by asserting that, since his conviction, a majority of his time had been spent seeking collateral relief in various courts.[3] However, appellant did not state in the petition or on appeal any reason why seeking other

---

[3]Appellant did not allege in his petition any other ground for rebutting the presumption against timeliness, i.e., incompetence, newly discovered evidence, manifest injustice, new method of technology, or for other good cause. *See* Ark. Code Ann. § 16-112-202(10)(B)(i) & (iii)–(v).

avenues of collateral relief would have prevented a timely filing of the petition at issue now.[4]

As such, he has not established good cause for the approximate eleven-year delay. We note that appellant argues in his reply brief that good cause existed to rebut the presumption against timeliness of the petition because some evidence was never tested prior to trial or thereafter, and he questions the completeness of the fingerprint analysis performed on the pistol and the magazine. However, such arguments were not raised in appellant's petition, and we will not consider issues raised for the first time on appeal on which the circuit court has not had the opportunity to rule. *Thomas v. State*, 370 Ark. 70, 257 S.W.3d 92 (2007). Because it is clear from the record that appellant failed to rebut the presumption against timeliness, the circuit court did not err in denying appellant's petition without a hearing.

Order affirmed; motion moot.

*Alvin Biggs*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[4]Appellant cites in his brief-in-chief to *Rucker v. State*, CR-02-145 (Ark. June 10, 2004) (unpublished per curiam), in an apparent attempt to develop an argument that he was entitled to an evidentiary hearing. In *Rucker*, the appellant sought to have previously unidentified fingerprints found on the murder weapon submitted to the Automated Fingerprint Identification System (AFIS); we reversed and remanded for a hearing on the matter. However, as noted herein, Act 1780 of 2001 was amended by Act 2250 of 2005, which sets out a number of additional requirements that must be met before a trial court can order scientific testing pursuant to the Act. These requirements, including the 36-month time limitation, were not at issue in *Rucker*, and, thus, our holding in that case does not benefit appellant in the instant case.

SLIP OPINION