SLIP OPINION

Cite as 2015 Ark. 263

# SUPREME COURT OF ARKANSAS

No. CR-90-198

| | |
|---|---|
| LONNIE DOLPHUS STRAWHACKER<br> PETITIONER<br><br>V.<br><br><br>STATE OF ARKANSAS<br> RESPONDENT | Opinion Delivered June 4, 2015<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [WASHINGTON COUNTY CIRCUIT COURT, NO. 72CR-89-760]<br><br><br>COUNSEL APPOINTED. |

**PER CURIAM**

In 1990, Lonnie Dolphus Strawhacker was found guilty by a jury in the Washington County Circuit Court of rape and first-degree battery and sentenced as a habitual offender to an aggregate term of life imprisonment. We affirmed. *Strawhacker v. State*, 304 Ark. 726, 804 S.W.2d 720 (1991). Strawhacker subsequently filed in the trial court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 36.4 (1990), which was denied after a hearing. We affirmed the order. *Strawhacker v. State*, CR-00-1417 (Ark. Jan. 24, 2002) (unpublished per curiam).

Now before us is Strawhacker's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. His petition arises following the U.S. Department of Justice (DOJ) notifying him that FBI Laboratory Examiner Michael Malone, who testified against him at his trial, has been identified by the DOJ as an examiner whose work failed to meet professional standards. In addition, the prosecutor in petitioner's original trial

informed the DOJ that Malone's work was  material to the petitioner's conviction.

In his petition, Strawhacker additionally requested appointment of counsel.  This is the first petition to this court involving a defendant in Arkansas that the DOJ has identified as being affected by the examiner's failure to meet standards.  This court has discretion to appoint counsel in postconviction relief matters.  *Hammon v. State*, 347 Ark. 26765 S.W.3d 853 (2001).  This court has stated that in regards to postconviction matters, there is no absolute right to counsel.  *Howard v. Lockhart*, 300 Ark. 144, 777 S.W.2d 223 (1989) (per curium).  Nevertheless, this court has held that if an appellant makes substantial showing that he is entitled to relief in a postconviction matter and that he cannot proceed effectively without counsel, we will appoint counsel. *See id.*

This court finds the petitioner makes the required showing that he may be entitled to postconviction relief. Therefore, given the complexity and first impression issues involved, he cannot properly proceed without appointed counsel.  The court hereby appoints Jeff Rosenzweig as counsel for the petitioner in this matter.

Counsel appointed.