SLIP OPINION

Cite as 2015 Ark. 292

# SUPREME COURT OF ARKANSAS

No. CR-80-40

| | |
|---|---|
| EUGENE ISAAC PITTS<br><br>PETITIONER<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>RESPONDENT | Opinion Delivered June 25, 2015<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-79-471]<br><br><br>COUNSEL APPOINTED. |

## PER CURIAM

In 1979, Eugene Issac Pitts was found guilty by a jury of felony murder in 1979 and sentenced to life imprisonment without parole. We affirmed. *Pitts v. State*, 273 Ark. 220, 617 S.W.2d 849 (1981). In the decision affirming the judgment, we noted that an expert forensic witness had testified that hairs found on the victim's body were like Pitts's hair.[1]

In 1998, Pitts filed in this court a petition to reinvest the trial court with jurisdiction to consider a petition for writ of error coram nobis in the case. In the petition, Pitts contended that newly developed methods of scientific testing, namely DNA analysis, had become available since his trial to test the hair sample that was entered into evidence by the prosecution at his trial in 1979. He alleged that the new tests would refute the testimony of FBI Laboratory Examiner Michael Malone, the expert witness at his trial, that hair found on the victim was like his. The

---

[1] Pitts subsequently filed in this court a petition pursuant to Arkansas Rule of Criminal Procedure 37.1 (1979) seeking postconviction relief. The petition was denied on its merits. *Pitts v. State,* CR-80-40 (Ark. Feb. 1, 1982) (unpublished per curiam).

SLIP OPINION

petition was denied. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam).

Now before us is Pitts second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Pitts petition arises following the U.S. Department of Justice (DOJ) notifying him that Malone has been identified by the DOJ as an examiner whose work failed to meet professional standards. In addition, the prosecutor in petitioner's original trial informed the DOJ that Malone's work was material to the petitioner's conviction.

This is the second petition to this court involving a defendant in Arkansas that the DOJ has identified as being affected by the examiner's failure to meet standards. This court has discretion to appoint counsel in postconviction relief matters. *Hammon v. State*, 347 Ark. 26765 S.W.3d 853 (2001). This court has stated that in regards to postconviction matters, there is no absolute right to counsel. *Howard v. Lockhart*, 300 Ark. 144, 777 S.W.2d 223 (1989) (per curium). Nevertheless, this court has held that if an appellant makes substantial showing that he is entitled to relief in a postconviction matter and that he cannot proceed effectively without counsel, we will appoint counsel. *See id.*

In the first case in which the issue of whether the petitioner was entitled to coram-nobis relief based on Malone's testimony, this court found the petitioner had made the required showing that he may be entitled to postconviction relief. Therefore, given the complexity and first impression issues involved, the petitioner could not properly proceed without counsel, and we appointed an attorney to represent him. *Strawhacker v. State*, 2015 Ark. 263 (per curiam).

For the same reasons, we find that Pitts is also entitled to appointment of counsel. We

appoint John Wesley Hall to represent him in this proceeding.

Counsel appointed.