ROBIN F. WYNNE, Associate Justice |-iAlvin Ray Williams appeals from an order of the Pulaski County Circuit Court denying his petition for writ of error co-ram nobis. He argues on appeal that this court should reverse the circuit court’s order denying his petition and order a new trial, or if this court determines that immediate relief is unwarranted1 in light of the current record, he asks that this court reverse and remand for factual development and a reasoned opinion. If the case is remanded, he also asks* that this court reverse the circuit court’s denial of his request to proceed in forma pauperis and appoint counsel. We find merit in his arguments and reverse and remand' for an evi-dentiary hearing and an order containing findings of fact. We also grant his request to proceed in forma pauperis and appoint Lee D. Short as counsel. In November 1994, Williams was found guilty by a jury of first-degree murder and sentenced to life imprisonment. This court affirmed on direct appeal. Williams v. State, 325 Ark. 432, 930 S.W.2d 297 (1996). This court subsequently affirmed the denial of Williams’s petition for postconviction relief under Rule 37. Williams v. State, No. CR 97-1020, 1998 WL 865047 (Ark. Dec. 10, 1998) (unpublished per curiam). In December 2015, Williams filed a petition asking this court to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis.[1] The State filed a response. This court granted Williams’s petition by syllabus entry on January 7, 2016. After this court granted permission to proceed, Williams filed his petition for writ of error coram nobis in the Pulaski County Circuit Court. The basis for his petition is a Brady claim. Williams was convicted of first-degree murder in the shooting death of Ron Henry; he asserted that the shooting was justified by self-defense. He contends that the prosecution failed to disclose an exculpatory statement by a witness that supported his claim that Henry pulled the gun and he (Williams) obtained the gun in their struggle and shot Henry in self-defense. The circuit court entered an order denying Williams’s petition, stating as follows: “On the 15th day of March 2016, Petitioner’s Petition for Writ of Error Coram Nobis filed on February 5, 2016 came on for consideration. The court finds that Petitioner’s Petition for Writ of Error Coram Nobis should be and hereby is Denied.” On the same date, the circuit court entered an order denying Williams’s motion to appoint counsel and to proceed in forma pauperis, also without findings. Williams filed a motion for reconsideration and for ^ruling and a renewed motion to proceed in forma pauperis, both of which the circuit court denied. This appeal followed. This court’s standard for considering a petition to reinvest jurisdiction in the circuit court to consider a petition for wiit of error coram nobis is as follows: This court will grant permission for a petitioner to proceed in the trial court with a petition for writ of error coram nobis only when it appears the proposed attack on the judgment is meritorious. In making such a determination, we look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. Howard v. State, 2012 Ark. 177, at 5, 403 S.W.3d 38, 43. Furthermore, although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. Philyaw v. State, 2014 Ark. 130, at 6, 2014 WL 1096201 (per curiam). The essence of the writ of error coram nobis is that it is addressed to the very court that renders the judgment where injustice is alleged to have been done, rather than to an appellate or other court. State v. Larimore, 341 Ark. 397, 406, 17 S.W.3d 87, 92 (2000) (citing Black’s Law Dictionary 337 (6th. ed. 1990)). Under these standards, we agree with Williams’s argument that the circuit court was required to do more than deny Williams’s petition without allowing discovery, holding an evidentiary hearing, or making any findings of fact. In granting Williams’s petition, this court necessarily found that his petition for writ of error coram nobis appeared to be meritorious. As it now stands, the circuit court reviewed the exact same record as was before this court, determined that the petition did not have merit, and denied the petition without findings of fact. Cf. Penn v. State, 282 Ark. 571, 577, 670 S.W.2d 426, 429 (1984) (“If [the petition for writ of error coram nobis] has merit, by all means a writ should be |4granted; if the petitioner fails in his burden of proof, then at least a hearing will have resulted. There will be no void in the system as there is now.”) The State responds by arguing that the circuit court’s order should be affirmed for lack of diligence or for failure to demonstrate a reasonable probability that the judgment would not have been entered had the statement been available to Williams at trial. The State further argues that, at most, Williams is entitled only to a remand for further factual development because thus far he has only alleged, not proved, that the prosecution withheld Smith’s statement from him and his trial counsel. We note that the State made substantially similar arguments regarding diligence and the merits in its response brief before this court on the petition to reinvest jurisdiction, but this court nonetheless granted the petition. Thus, these arguments have been considered by this court previously and rejected.[2] We reverse and remand the .circuit court’s order denying Williams’s petition for writ of error coram nobis, and we direct the court to hold an evidentiary hearing and enter an order making specific findings as to whether Williams is entitled to relief. The final point on appeal concerns whether the circuit court erred in denying Williams’s motion to proceed in forma pau-peris and have counsel appointed. Present counsel, John C. Williams, states that he has represented Williams pro bono in this matter, but he does not presently have the time to continue to do so. He states that Lee D. Short has stated that he is willing to accept appointment in this matter. | ¿This court has stated that in regards to postconviction matters, there is no absolute right to counsel. Strawhacker v. State, 2015 Ark. 263, at 2, 2015 WL 3526397 (per curiam) (citing Howard v. Lockhart, 300 Ark. 144, 777 S.W.2d 223 (1989) (per curium)). Nevertheless, this court has held that if an appellant makes a substantial showing that he is entitled to relief in a postconviction matter and that he cannot proceed effectively without counsel, we will appoint counsel. Id. Having considered the affidavit in support of his request to proceed in forma pauperis and the specific circumstances of this case, we grant Williams in forma pauperis status and appoint Lee D. Short to represent him in this matter. Reversed and remanded; request to proceed in forma pauperis granted; Lee D. Short appointed as counsel in the circuit court. Hart, J., concurs. Kemp, C.J., and Wood, J., dissent. . The circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. Pitts v. State, 336 Ark. 580, 582, 986 S.W.2d 407, 409 (1999). . While we recognize that a petition to reinvest jurisdiction to consider a writ of error coram nobis will be denied where this court finds as a matter of law that a petitioner failed to exercise due diligence, see Howard v. State, 2012 Ark. 177, at 13, 403 S.W.3d 38, 47, we did not so find in this case.