Filed 7/8/21  P. v. Jones CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRETT JONES,<br><br>    Defendant and Appellant. | H048987<br>(Monterey County<br>Super. Ct. No. 18CR011172) |

After a jury trial, defendant Brett Jones was found guilty of failing to register as a sex offender (Pen. Code, § 290, subd. (b)),[1] failing to register as a sex offender based on an out-of-state conviction (§ 290.005, subd. (c)), and misdemeanor driving without a license (Veh. Code, § 12500, subd. (a)).  The trial court sentenced defendant to serve three years eight months in prison.  Defendant appealed, and this court reversed the judgment and remanded the matter for a possible retrial on the two counts of failing to register as a sex offender.  (*People v. Jones* (Jan. 5, 2021, H046958) [nonpub. opn.] (*Jones*).)  On remand, the trial court dismissed the two counts of failing to register as a sex offender on the prosecutor's motion, and the trial court resentenced defendant to 180 days for misdemeanor driving without a license with 180 days credit for time served.

On appeal from the trial court's resentencing, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the

---

[1] Unspecified statutory references are to the Penal Code.

1

case but raises no issues.[2]  We notified defendant of his right to submit written argument on his own behalf within 30 days.  That period has elapsed, and we have received no response from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and determined that there are no arguable issues on appeal.  We affirm the judgment.

## I. BACKGROUND[3]

On January 28, 2019, defendant was charged by information with failing to register as a sex offender (§ 290, subd. (b); count 1), failing to register as a sex offender based on an out-of-state conviction (§ 290.005, subd. (c); count 2), failing to inform authorities of an address change (§ 290.013, subd. (a); count 3), and misdemeanor driving without a license (Veh. Code, § 12500, subd. (a); count 4).  During motions in limine, the trial court granted the prosecution's request to amend counts 1 and 2 to charge defendant with failing to register as a sex offender based on an out-of-state conviction in violation of sections 290, subdivision (b) and 290.005, subdivision (c) and to dismiss count 3.  Count 4 was subsequently renumbered as count 3.

Defendant represented himself at trial.  The jury found him guilty of counts 1, 2, and 3 as amended.  The trial court sentenced defendant to a total term in prison of three years eight months.

Defendant appealed, and this court reversed the judgment after concluding that the trial court's determination of whether the conduct underlying defendant's out-of-state

---

[2] On April 21, 2021, defendant filed a request to represent himself on appeal.  On May 5, 2021, we denied his request.  (*People v. Scott* (1998) 64 Cal.App.4th 550, 560-561.)

[3] On May 5, 2021, we granted defendant's request for judicial notice of case No. H046958, defendant's prior appeal.  The underlying facts of defendant's offenses are summarized in our prior unpublished opinion in *Jones*, *supra*, H046958, at pages 2 through 3.

conviction required him to register as a sex offender in California was a question for the jury to decide (*Mathis v. United States* (2016) __ U.S. __ [2016 U.S. Lexis 4060] [136 S.Ct. 2243]; *People v. Gallardo* (2017) 4 Cal.5th 120), the trial court committed instructional error, and insufficient evidence supported the registration convictions. (*Jones*, *supra*, H046958, at p. 2.) We remanded the matter for possible retrial on counts 1 and 2 and for resentencing. (*Id.* at p. 19.)

On remand, the trial court dismissed counts 1 and 2 on the prosecutor's motion. Defendant represented himself at the resentencing hearing. On March 23, 2021, on count 3, the trial court resentenced defendant to 180 days in county jail with 180 days credit for time served. The trial court found that defendant had satisfied any fines and fees with his excess custody credits and stated that no fines and fees would be imposed.

## II. DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## III. DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, J.


WE CONCUR:



_____
ELIA, ACTING P.J.




_____
DANNER, J.



***People v. Jones***
**H048987**